COULBOURN LUMBER COMPANY v. WILBUR ALONZO GRIZZARD AND JEAN GRIZZARD, T/A STAR GLASS COMPANY & BERTIE GLASS COMPANY

No. 806DC795

(Filed 21 April 1981)

**Rules of Civil Procedure § 55.1– refusal to set aside entry of default**
 The trial court did not err in refusing to set aside an entry of default by the clerk of court on the ground of excusable neglect of counsel where the record shows that over seven and one-half months elapsed between the time

defendants filed an untimely and unserved application for extension of time to answer and the date defendants moved to set aside the entry of default and that the case was calendered for trial by such date. Furthermore, defendants were not prejudiced by the court's refusal to set aside the entry of default where they had a trial on the merits of the cause of action stated in plaintiff's complaint.

APPEAL by defendants from *McCoy, Judge.* Judgment entered 24 April 1980 in District Court, BERTIE County. Heard in the Court of Appeals 5 March 1981.

Plaintiff brought this action to recover damages for breach of contract. In its complaint, plaintiff alleged the following circumstances and events. Plaintiff, a building contractor, contracted to build an addition to the residence of Ernest Carraway. As a part of that contract, skylights were to be installed in the roof of the addition. Plaintiff sub-contracted with defendants to install the skylights. Defendants undertook to install the skylights, but did so in a defective manner. The skylights leaked and had to be replaced. Plaintiff made repeated demands upon defendants to correct the defects in their work, but defendants were unwilling or unable to do so and have refused to properly install the skylights. Because of defendants' refusal and failure to correct the defective work, it was necessary for plaintiff to cause other persons to properly install the skylights at an expense to plaintiff of $2,000.00. Plaintiff has demanded payment of defendants, but defendants have refused payment. Plaintiff prayed that it have and recover of defendants the sum of $2,000.00, with interest from 4 April 1979 until paid.

The complaint was filed 24 July and served on 26 July 1979. Defendants did not answer or otherwise plead to the complaint until 28 August 1979, when they filed an application for an extension of time to file answer. The record does not show that this application was ever served upon plaintiff. On 5 September 1979, plaintiff applied for and obtained from the clerk an entry of default against defendants, transferring the cause to the civil issue docket for trial on the issue of damages.

On 18 April 1980, defendants filed a motion to set aside the entry of default and for permission to file an answer, on grounds of excusable neglect of counsel. The motion was denied.

At trial, both plaintiff and defendants offered evidence.

From judgment for plaintiff in the amount of $1,374.00, defendants have appealed.

*Pritchett, Cooke & Burch, by W.L. Cooke, for plaintiff appellee.*

*Moore & Moore, by Milton E. Moore, for defendant appellants.*

WELLS, Judge.

Although defendants excepted to and assigned as error that entry of judgment by the trial judge, they have not argued that exception in their brief and it is therefore taken as abandoned. *See* Rule 28(b)(3), Rules of Appellate Procedure. The only question presented for our review is whether the trial judge committed prejudicial error in denying defendants' motion to set aside entry of default by the clerk.

Pursuant to the provisions of G.S. 1A-1, Rule 55(d), the trial court may set aside an entry of default for good cause shown. A motion to set aside an entry of default is addressed to the sound discretion of the trial judge and the order of the trial court ruling on such a motion will not be disturbed on appeal absent a showing of abuse of that discretion. *Britt v. Georgia-Pacific Corp.,* 46 N.C. App. 107, 108, 264 S.E. 2d 395, 397 (1980); *Privette v. Privette,* 30 N.C. App. 41, 44, 226 S.E. 2d 188, 190 (1976); *Acceptance Corp. v. Samuels,* 11 N.C. App. 504, 510-11, 181 S.E. 2d 794, 798 (1971). It appears from the record that a period of over seven and one-half months elapsed from the time defendants' untimely and unserved application for extension of time to file their answer was filed and the date defendants moved to set aside the entry of default, and that by such date, the case was calendared for trial. Under such circumstances, we believe the trial judge did not abuse his discretion in reaching the conclusion that defendants had not shown good cause for setting aside the entry of default.

Additionally, we note that in order for defendants to obtain relief here, they must show that the asserted error by the trial court was material and prejudicial. G.S. 1A-1, Rule 61, Rules of Civil Procedure; *Trust Co. v. Carr,* 10 N.C. App. 610, 618, 179 S.E. 2d 838, 843, *modified,* 279 N.C. 539, 184 S.E. 2d 268 (1971). We find no such prejudice and therefore decline to disturb the action of

the court below. The entry of default by the clerk served no further purpose than moving this case for trial to the civil issue docket. The record discloses that at trial plaintiff put on evidence as to the existence of the contract, its breach by defendants, and damages ensuing to plaintiff as a result of the breach. Defendants' evidence did not dispute the existence of the contract, but did dispute its breach and the amount of damages to plaintiff. The trial judge found as fact that the defendants entered into a contract with plaintiff's assignor, and that plaintiff was damaged by the negligent and defective manner in which defendants performed their contractual duties. All of these findings were supported by competent and material evidence. It thus appears that defendants have had a trial on the merits of the cause of action stated in plaintiff's complaint. Under such circumstances, we fail to see any prejudice to defendants from the trial court's failure to set aside the entry of default by the clerk.

Defendants argue that the decision of this Court in *Roland v. Motor Lines*, 32 N.C. App. 288, 231 S.E. 2d 685 (1977) compels us to give them another day in court. *Roland* is clearly distinguishable, for in that case a default *judgment* was entered by the clerk, and defendants had no opportunity to defend on the merits.

Affirmed.

Judges VAUGHN and BECTON concur.