AUTOMOTIVE EQUIPMENT DISTRIBUTORS, INC. v. PETROLEUM EQUIP-
MENT & SERVICE, INC.

No. 8726SC187

(Filed 17 November 1987)

**Rules of Civil Procedure § 55.1— entry of default—setting aside proper**

Defendant showed good cause to justify setting aside an entry of default
and the trial court therefore erred by reinstating the entry of default where
defendant employed counsel and diligently conferred with him as soon as
defendant was served with plaintiff's complaint; due to a family medical
emergency, defendant's counsel did not file a responsive pleading within the
time allowed, but plaintiff made no allegation that it was prejudiced by the
five-day delay between expiration of the filing period and the date defendant
filed its motion and proposed answer; and justice would best be served by per-
mitting defendant to try the case on its merits where there was a legitimate
dispute between the parties as to whether they had entered into an en-
forceable contract and what actual performance was or should have been con-
templated by them.

APPEAL by defendant from *Pachnowski, Judge*. Judgment en-
tered 13 May 1986 and amended 10 October 1986 and 5 December
1986 in Superior Court, MECKLENBURG County. Heard in the
Court of Appeals 23 September 1987.

Plaintiff filed this action for breach of contract against de-
fendant on 18 June 1984. Due to a family medical emergency,
original counsel for defendant did not file a responsive pleading
within the time allowed. On 21 August 1984, pursuant to plain-
tiff's motion, the clerk of court made an entry of default and
entered default judgment against defendant. Defendant subse-
quently moved under N.C.G.S. § 1A-1, Rules 55(d) and 60(b) to
have the entry of default and the judgment set aside. The clerk
allowed this motion and plaintiff appealed to superior court.

On 27 November 1984, the superior court reinstated the en-
try of default but not the judgment and directed that the issue of
damages be calendared for inquiry. Defendant then appealed to

Automotive Equipment Distributors, Inc. v. Petroleum Equipment & Service, Inc.

this Court which dismissed the appeal as interlocutory. Following an inquiry into damages by the presiding judge, a judgment for plaintiff in the sum of $16,000 was entered.

*Murchison, Guthrie & Davis, by Robert E. Henderson, attorney for plaintiff-appellee.*

*Joe C. Young, attorney for defendant-appellant.*

ORR, Judge.

Defendant assigns as error the trial court's reinstatement of the clerk's entry of default. The statute authorizing the court to reinstate the default is N.C.G.S. § 1-276, which provides as follows:

**Judge determines entire controversy; may recommit.**

> Whenever a civil action or special proceeding begun before the clerk of a superior court is for any ground whatever sent to the superior court before the judge, the judge has jurisdiction; and it is his duty, upon the request of either party, to proceed to hear and determine all matters in controversy in such action, unless it appears to him that justice would be more cheaply and speedily administered by sending the action back to be proceeded in before the clerk, in which case he may do so. (1887, c. 276; Rev., s. 614; C.S., s. 637.)

Our courts, in numerous decisions, have interpreted this statute to mean that the clerk is merely an "arm of the superior court." *Hassell v. Wilson,* 301 N.C. 307, 311, 272 S.E. 2d 77, 80 (1980). Thus, when a civil action or special proceeding "before the clerk is brought before the judge *in any manner,* the superior court's jurisdiction is not derivative but it has jurisdiction to hear and determine all matters in controversy as if the case was originally before him." *Redevelopment Comm. v. Grimes,* 277 N.C. 634, 638, 178 S.E. 2d 345, 347 (1971) (emphasis added). Therefore, in the case *sub judice* the superior court judge had full authority to hear plaintiff's appeal from the clerk's order *de novo. In re Estate of Longest,* 74 N.C. App. 386, 389, 328 S.E. 2d 804, 807, *appeal dismissed and disc. rev. denied,* 314 N.C. 330, 333 S.E. 2d 488 (1985).

We now address the critical question of whether the trial court properly exercised its discretion when reinstating the clerk's entry of default.

A motion to set aside an entry of default pursuant to N.C.G.S. § 1A-1, Rule 55(d) for "good cause" shown falls within the sound discretion of the trial court, whose decision will not be disturbed on appeal "absent a showing of abuse of that discretion." *Lumber Co. v. Grizzard*, 51 N.C. App. 561, 563, 277 S.E. 2d 95, 96 (1981). We stated in *Peebles v. Moore*, 48 N.C. App. 497, 269 S.E. 2d 694 (1980), *modified and aff'd*, 302 N.C. 351, 275 S.E. 2d 833 (1981) that:

> [w]hat constitutes 'good cause' depends on the circumstances in a particular case, and within the limits of discretion, an inadvertence which is not strictly excusable may constitute good cause, particularly 'where the plaintiff can suffer no harm from the short delay involved in the default and grave injustice may be done to the defendant.'

48 N.C. App. at 504, 269 S.E. 2d at 698 (citations omitted).

The law generally disfavors default and "any doubt should be resolved in favor of setting aside an entry of default so that the case may be decided on its merits." *Id.* at 504-505, 269 S.E. 2d at 698. Our Supreme Court has held that "the better reasoned and more equitable result may be reached by adhering to the principle that a default should not be entered, even though technical default is clear, if justice may be served otherwise." *Peebles v. Moore*, 302 N.C. at 356, 275 S.E. 2d at 836.

In reviewing the trial court's action in light of the above principles, we must consider the following: (1) was defendant diligent in pursuit of this matter; (2) did plaintiff suffer any harm by virtue of the delay; and (3) would defendant suffer a grave injustice by being unable to defend the action.

We find no evidence in the record that defendant was anything less than diligent in its pursuit of this matter. The uncontradicted evidence shows that defendant's vice president, Mr. Arthur P. Wilson, was served on 18 July 1984 and that shortly thereafter he telephoned defendant's attorney and discussed the general nature of the complaint and defendant's responses thereto. Defendant's attorney at the time agreed to handle the matter

and said he would prepare an answer as required by law. After defendant's attorney reviewed the complaint, he had a second conversation with Mr. Wilson. At that time Mr. Wilson gave additional specific information about his corporation's defenses to plaintiff's allegations.

It is well settled in our state that when a defendant employs counsel and diligently confers with him and generally tries to keep informed of the proceedings, the attorney's negligence will not be imputed to the defendant. *Kirby v. Contracting Co.*, 11 N.C. App. 128, 180 S.E. 2d 407, *cert. denied*, 278 N.C. 701, 181 S.E. 2d 602 (1971). The evidence in this case shows no lack of diligence which can fairly be attributed to defendant.

We note that plaintiff made no allegation that it was prejudiced by the five-day delay between the expiration of the filing period and the date defendant filed its motion and proposed answer, and therefore conclude that plaintiff was not prejudiced by the delay.

Finally, we believe justice would best be served by permitting defendant to try this case on its merits. Whether these parties entered into an enforceable contract and what actual performance was or should have been contemplated by them appears to be legitimately disputed.

Defendant, in our opinion, has shown "good cause" to justify setting aside the entry of default and the trial court therefore erred by reinstating the entry of default. Defendant's further assignments of error need not be addressed at this time pending the outcome of the trial on the merits. We vacate the judgment below and order a new trial.

Vacated and remanded.

Chief Judge HEDRICK and Judge ARNOLD concur.