RICHARD BROWN AND PAULINE BROWN, INDIVIDUALLY, AND RICHARD BROWN IN HIS CAPACITY AS THE GUARDIAN AD LITEM FOR TIFFANY C. BROWN, PLAINTIFFS V. LORESSA G. LIFFORD, ROY SLADE, AND HENRY LEON WATKINS D/B/A "TOWN CLOWN ICE CREAM," DEFENDANTS

No. COA99-99

(Filed 18 January 2000)

**Judgments— default—entry set aside—good cause shown**

The trial court erred in a personal injury case by denying defendant-Watkins's motion to set aside entry of default for good cause shown under N.C.G.S. § 1A-1, Rule 55(d) because defendant made numerous contacts with his insurance agent and was assured that the insurance company was handling the case; defendant did everything that could reasonably have been required to demonstrate diligent attention to the case; it does not appear from the record that plaintiffs suffered harm by virtue of the delay; and there is the possibility that plaintiff will suffer injustice by being unable to defend the action.

Judge WYNN dissenting.

Appeal by defendant Watkins from order entered 17 March 1997 by Judge Stafford G. Bullock and judgment entered 23 September 1998 by Judge Steve A. Balog in Caswell County Superior Court. Heard in the Court of Appeals 21 October 1999.

*Donaldson & Black, P.A., by Jeffrey K. Peraldo, for plaintiff-appellees.*

*Burton & Sue, L.L.P., by Gary K. Sue and James D. Secor, III, for defendant-appellant Henry Leon Watkins d/b/a Town Clown Ice Cream.*

EDMUNDS, Judge.

Defendant Henry Leon Watkins (Watkins) d/b/a Town Clown Ice Cream appeals the trial court's denial of his motion to set aside entry of default and the resulting default judgment. We reverse.

Defendant Watkins owned a modified truck from which he sold ice cream. On 16 May 1993, Watkins parked his truck across the street from the home of Tiffany C. Brown, the minor child of plaintiffs Richard and Pauline Brown. After purchasing ice cream, Tiffany began to cross the street to return home when she was struck by an automobile owned by defendant Roy Slade and driven by defendant Loressa G. Lifford. On 15 May 1996, plaintiffs brought suit against all three defendants, alleging that Lifford negligently operated the automobile that hit Tiffany, that Lifford's negligence should be imputed to Slade, and that Watkins negligently parked his truck in a hazardous manner.

On or about 22 March 1995, prior to filing a complaint, counsel for plaintiffs notified Watkins of the suit and requested that he advise his insurance carrier of plaintiffs' intention to pursue a personal injury claim. On 3 April 1995, Watkins forwarded a copy of the letter along with personal correspondence to Harris Insurance Agency. The agent assured Watkins that the company would handle the matter. On that same date, Watkins mailed to plaintiffs' counsel a letter containing the name and address of his insurance company and agent.

After an extended period without response from defendant's insurer, on 26 August 1995, plaintiffs' counsel wrote the insurance carrier and requested an opportunity to discuss the claim with a representative. When plaintiffs' counsel received no response, on 13 September 1995, he sent a second letter to the insurer, directed to the

attention of the company vice president. The 13 September letter requested a response within twenty-four hours and threatened to file suit if there was no reply. On 14 September 1995, an insurance company representative contacted plaintiffs' counsel and denied coverage for the claim. Plaintiffs' counsel conveyed this information to Watkins on 14 September 1995 and again on 3 January 1996.

Plaintiffs filed a complaint on 15 May 1996. Defendants Lifford and Slade filed a timely answer to plaintiffs' complaint, and, thereafter, the suit against them was voluntarily dismissed. When Watkins was timely served, he hand-delivered the suit papers to his agent, who again assured Watkins the company would handle the claim. However, neither the agent nor the insurance company took any action, and on 24 June 1996, the clerk of court recorded an entry of default pursuant to N.C. Gen. Stat. § 1A-1, Rule 55 (1990) (amended effective Oct. 1, 1998). On 27 June 1996, plaintiffs' counsel informed Watkins of the order. Watkins again advised his insurance agent of this latest development, and his agent again advised that the company would handle the matter. When the company remained inert, Watkins hired counsel, who on 18 October 1996 filed a Notice of Appearance and a Motion to Set Aside the Entry of Default. The trial court denied the motion on 26 March 1997.

Watkins appealed the entry of default, and the trial court stayed the action pending the outcome of the appeal. On 3 March 1998, this Court dismissed the appeal as interlocutory, and on 27 August 1998, plaintiffs filed a Motion for Entry of Final Judgment by Default. The matter came for hearing on 8 September 1998. The court granted the motion and awarded plaintiffs $22,296.15 for the cost of medical treatment and $125,000.00 for pain and suffering. Watkins appeals.

Watkins contends the trial court erred in denying his motion to set aside the entry of default against him. An entry of default may be set aside "[f]or good cause shown." N.C. Gen. Stat. § 1A-1, Rule 55(d). We have acknowledged the difficulty of fashioning general rules to cover the granting of such motions:

> [w]hat constitutes "good cause" depends on the circumstances in a particular case, and within the limits of discretion, an inadvertence which is not strictly excusable may constitute good cause, particularly "where the plaintiff can suffer no harm from the short delay involved in the default and grave injustice may be done to the defendant."

*Peebles v. Moore,* 48 N.C. App. 497, 504, 269 S.E.2d 694, 698 (1980) (quoting *Whaley v. Rhodes,* 10 N.C. App. 109, 112, 177 S.E.2d 735, 737 (1970) (citation omitted)), *modified and aff'd,* 302 N.C. 351, 275 S.E.2d 833 (1981). This standard is less stringent than the showing of "mistake, inadvertence, or excusable neglect" necessary to set aside a default judgment pursuant to N.C. Gen. Stat. § 1A-1, Rule 60(b) (1990). *Bailey v. Gooding,* 60 N.C. App. 459, 462, 299 S.E.2d 267, 269 (1984).

A trial court's determination of "good cause" to set aside an entry of default will not be disturbed on appeal absent an abuse of discretion. *See Byrd v. Mortenson,* 308 N.C. 536, 302 S.E.2d 809 (1993). In reviewing a trial court's decision regarding motions to set aside entries of default, we consider the following factors: "(1) was defendant diligent in pursuit of this matter; (2) did plaintiff suffer any harm by virtue of the delay; and (3) would defendant suffer a grave injustice by being unable to defend the action." *Automotive Equipment Distributors, Inc. v. Petroleum Equipment & Service, Inc.,* 87 N.C. App. 606, 608, 361 S.E.2d 895, 896-97 (1987). However, "[i]nasmuch as the law generally disfavors default judgments, any doubt should be resolved in favor of setting aside an entry of default so that the case may be decided on its merits." *Peebles,* 48 N.C. App. at 504-05, 269 S.E.2d at 698 (citation omitted).

Bearing these principles in mind, we turn to analogous cases reviewed by this Court. In *Whaley,* 10 N.C. App. 109, 177 S.E.2d 735, the defendant to a negligence action provided the complaint to his insurance agent, who assured the defendant that the insurer would handle the suit. After three weeks, the defendant checked again with his agent and was again assured the insurer was handling the claim. However, when no answer was filed on the defendant's behalf, the plaintiff moved for and was granted entry of default. The defendant then moved to set aside the entry of default. The trial court granted the defendant's motion, and the plaintiff appealed. We affirmed the trial court's setting aside of the entry of default, holding: "In the present case the facts are sufficient to warrant a conclusion by the trial judge that the defendant has shown good cause for his failure to file an answer." *Id.* at 112, 177 S.E.2d at 737.

In *Peebles,* 48 N.C. App. 497, 269 S.E.2d 694, the plaintiff filed suit against the defendant, who forwarded the documents to his insurance carrier. However, when the carrier misplaced the file, the answer was filed seven days late. The trial court denied the defendant's motion to set aside entry of default. We reversed, holding:

[D]efendant's failure timely to file his answer was due to an inadvertence on the part of defendant's insurer, and not due to any fault of his own. It further appears that defense counsel promptly filed an answer upon discovering that a mistake had been made.

Although such inadvertence may not be excusable, we believe that the circumstances of this case support a showing of sufficient cause to set aside entry of default. We find that the delay in answer did not prejudice plaintiff, and it appears that allowing default here would do an injustice to defendant.

*Id.* at 507, 269 S.E.2d at 700.

In *Automotive Equipment*, 87 N.C. App. 606, 361 S.E.2d 895, the defendant in a breach of contract action telephoned his attorney upon being served to discuss the complaint. Counsel agreed to handle the matter and said he would prepare an answer. The defendant and his counsel discussed the case a second time after the attorney reviewed the complaint. However, due to a family emergency, defendant's counsel failed to file a responsive pleading. The clerk of court made an entry of default. The defendant moved to have the entry of default set aside, which the trial court granted. The plaintiff appealed to superior court, which reinstated entry of default and entered judgment for the plaintiff. The defendant appealed, and we reversed, holding that the defendant's diligence in conferring with counsel about the case was sufficient to keep the attorney's negligence from being imputed to him. The defendant's show of good cause justified setting aside the entry of default.

However, there have been cases in which we have affirmed the trial court's denial of a motion to set aside an entry of default. In *Howell v. Haliburton*, 22 N.C. App. 40, 205 S.E.2d 617 (1974), the defendant on 28 August 1972 advised the insurer that a suit had been filed against him and mailed the insurer a copy of the complaint. The insurer took no action, and there was no further contact between the defendant and the insurer until 3 May 1973, when plaintiff's counsel notified the defendant of the entry of default. This Court affirmed entry of default, noting in particular the lack of attention paid to the suit by the defendant for in excess of eight months after being notified of the plaintiff's claim.

Such continued inattention distinguishes the instant case from the situations presented in *Whaley v. Rhodes*, 10 N.C. App. 109, 177 S.E.2d 735, and in *Hubbard v. Lumley*, [17 N.C. App. 649, 195

S.E.2d 330 (1973)]. When the trial court exercises its discretion in considering a motion to set aside an entry of default, it is entirely proper for the court to give consideration to the fact that default judgments are not favored in the law. At the same time, however, it is also true that rules which require responsive pleadings within a limited time serve important social goals, and a party should not be permitted to flout them with impunity.

*Id.* at 42, 205 S.E.2d at 619.

Similarly, in *Bailey*, 60 N.C. App. 459, 299 S.E.2d 267, we affirmed the denial of the defendants' motion to set aside entry of default, stating:

Defendants' answer was filed four months after expiration of the time allowed for filing [their] answer and more than one month after default was entered. There is nothing in the record to indicate what actions defendants took during this time to defend the case other than to deliver the suit papers to the insurance carrier. Continued inattention by a defendant in a lawsuit does not constitute good cause to set aside an entry of default.

*Id.* at 465, 299 S.E.2d at 271 (citation omitted). Other facts cited by the Court in support of its decision were that:

[insurance company agent] had not contacted plaintiffs' attorney for more than one month prior to the entry of default and had retained counsel to defend in the case during that time. At no other time prior to entry of default had contact between [agent] and plaintiffs' attorney ceased for such a lengthy period of time. These facts belie [agent's] assertion that he was continuing to negotiate with plaintiffs' attorney at the time of entry of default.

*Id.*

These cases, all with similar or analogous facts, indicate that we find the degree of attention or inattention shown by the defendant to be a particularly compelling factor. We have been amenable to allowing claims to be litigated where a defendant not only referred the claim to his or her insurer, but also continued to monitor the case. In contrast, where a defendant merely passed the case to the insurance company but took no further action, we have been far less receptive to a contention that an entry of default was inappropriate.

Applying the factors set forth in *Automotive Equipment* to the case at bar, we note that defendant made numerous contacts with his

BROWN v. LIFFORD

[136 N.C. App. 379 (2000)]

insurance agent and was assured at every turn that the insurance company was handling the case. Defendant did everything that could reasonably have been required to demonstrate diligent attention to the case. Additionally, although plaintiffs showed commendable restraint in attempting to resolve the case before resorting to a motion for default, it does not appear from the record that plaintiffs suffered harm by virtue of the delay. Finally, there is the possibility that defendant will suffer injustice by being unable to defend the action. We therefore hold that the trial court erred in failing to set aside the entry of default.

Because we find error in the trial court's denial of defendant's motion to set aside entry of default, we need not reach defendant's remaining arguments. The final judgment of default is therefore reversed, and this case is remanded to the trial court for further proceedings.

Reversed and remanded.

Judge HORTON concurs.

Judge WYNN dissents with separate opinion.

Judge WYNN dissenting.

In this appeal, the majority concludes that because the defendant in this case was unable to make his insurer act in a timely fashion, he has shown "good cause" for not timely answering a complaint against him. I disagree and certify by dissent the following issue for our Supreme Court to consider upon appeal of right: *May a defendant excuse his failure to timely answer a complaint by showing that he relied on his insurer to act on his behalf?*

A motion to set aside an entry of default judgment is addressed to the sound discretion of the trial judge and the order of the trial court ruling on such a motion will not be disturbed on appeal absent a showing of abuse of discretion. *See Coulbourn Lumber Company v. Grizzard*, 51 N.C. App. 561, 563, 277 S.E.2d 95, 96 (1981). A ruling by the trial court on a discretionary matter should not be reversed unless the decision was arbitrary or lacked any basis in reason. And a "discretionary ruling by the trial judge should not be disturbed on appeal unless the appellate court is convinced . . . that the ruling probably amounted to a substantial miscarriage of justice." *Boyd v. L.G.*

*DeWitt Trucking Co.*, 103 N.C. App. 396, 406, 405 S.E.2d 914, 921, *review denied*, 330 N.C. 193, 412 S.E.2d 53 (1991).

The present action was brought against the insured, not his insurer. If the insurer failed to timely fulfill an obligation that it owed to its insured, then the insured may have a separate cause of action against the insurer for damages that may arise from that failure. But that cause of action should not affect the action brought only against the insured. So any "mistake, inadvertence or excusable neglect" by the insurer may give rise to a complaint by the insured against his insurer, but the action against the insured should be unaffected by an insurer's failure to cooperate with its insured. Thus, I would find that the trial court did not abuse his discretion in not setting aside the default judgment against the defendant.

Since our Courts have never directly addressed this issue, I certify by dissent this issue to our Supreme Court for a definitive pronouncement. N.C. Gen. Stat. § 7A-30(2) (1995).