KIMBERLY M. CABE, Plaintiff v. WOODARD W. WORLEY, Defendant

No. COA99-1188

(Filed 3 October 2000)

**1. Judgments— default—refusal to set aside—no abuse of discretion**

The trial court did not abuse its discretion in a personal injury case by refusing defendant's motion to set aside entry of default for good cause shown under N.C.G.S. § 1A-1, Rule 55(d), because: (1) defendant's only action in this case was to deliver the suit papers to his insurance company; and (2) after delivery, he took no further action to inquire into the progress of the case.

**2. Jury— plaintiff's waiver of demand for jury trial—defendant's motion to set aside entry of default—appearance by defendant**

The trial court committed reversible error by conducting a personal injury trial on damages without a jury after plaintiff waived her demand for a jury trial and requested the court to conduct a bench trial, because: (1) a plaintiff who requests in her pleadings a jury trial may not withdraw that request after defendant makes an appearance in the case; (2) although defendant failed to file an answer within 30 days from the date of service, once defendant filed his motion to set aside entry of default, he "appeared" in the action for purposes of N.C.G.S. § 1A-1, Rule 38(d); and (3) plaintiff is not entitled to amend her complaint to delete the jury request under N.C.G.S. § 1A-1, Rule 15(a) since this amendment would contravene the purpose of N.C.G.S. § 1A-1, Rule 38(d).

Appeal by defendant from order filed 20 April 1999 by Judge Dennis J. Winner and from judgment filed 15 July 1999 by Judge J. Marlene Hyatt in Jackson County Superior Court. Heard in the Court of Appeals 22 August 2000.

*Melrose, Seago & Lay, P.A., by Mark R. Melrose, for plaintiff-appellee.*

*Cogburn, Goosmann, Brazil & Rose, P.A., by Steven D. Cogburn and Benjamin R. Olinger, Jr., for defendant-appellant.*

CABE v. WORLEY

[140 N.C. App. 250 (2000)]

GREENE, Judge.

Woodward W. Worley (Defendant) appeals an order filed 20 April 1999 denying Defendant's motion to set aside entry of default and a judgment filed 15 July 1999 granting Kimberly M. Cabe (Plaintiff) a $25,000.00 award.

Plaintiff filed her complaint on 1 February 1999, requesting a jury trial and alleging Defendant was responsible for personal injuries caused by his negligent driving. Defendant was served by certified mail on 4 February 1999 at his residence in Livingston, New York. There were no responsive pleadings filed and on 10 March 1999, Plaintiff made a motion for entry of default against Defendant. On 10 March 1999, the Clerk of Superior Court of Jackson County concluded Plaintiff was entitled to an entry of default against Defendant and such entry was made.

On 16 March 1999, Defendant made a motion to set aside entry of default and attached a copy of his proposed answer. Defendant's motion to set aside the entry of default was heard in Jackson County Superior Court on 12 April 1999, and the trial court denied the motion finding there was no good cause to set aside the entry of default.

On 13 April 1999, Defendant filed a motion for reconsideration of his motion to set aside entry of default. On 29 April 1999, Defendant submitted two affidavits: one sworn by him and one sworn by Dannette Mall (Mall), an office manager at Mike Preis, Inc. Insurance, Defendant's insurance agent. In his affidavit, Defendant stated that when he received the complaint and civil summons in the mail, he immediately delivered them to his insurance agent. Defendant was told the papers would be forwarded to an attorney to handle the responsive pleadings. Between the time he delivered the suit papers to his agent and the time default was entered, Defendant had no knowledge of any of the events taking place.

Mall's affidavit revealed she received the suit papers from Defendant on 9 February 1999 and mailed them to Allstate Insurance Company (Allstate) in Charlotte, North Carolina, by certified mail, return receipt requested. The papers were received by Allstate on 15 February 1999. In addition, Mall stated any delay in getting the papers to defense counsel would have been caused by the insurance company and not Defendant. Defendant's motion to reconsider the 16 March 1999 motion to set aside entry of default was denied on 12 May 1999.

CABE v. WORLEY

[140 N.C. App. 250 (2000)]

In the interim, however, on 29 April 1999, Plaintiff moved for the court to enter a default judgment against Defendant and to conduct an evidentiary hearing on the issue of damages. Plaintiff waived her demand for a jury trial on 29 April 1999 and requested the court conduct a bench trial. The action was then tried without a jury, over the noted objection of Defendant, on 6 July 1999.

Based on the evidence presented at trial, the court found Plaintiff was entitled to recover $25,000.00 from Defendant for her personal injury damages.

The issues are whether: (I) the trial court abused its discretion in refusing to set aside the entry of default; and (II) a plaintiff, who requested in her pleadings a jury trial, may withdraw that request after defendant makes an appearance in the case.

I

[1] Generally, an entry of default may be set aside "[f]or good cause shown." N.C.G.S. § 1A-1, Rule 55(d) (1999). "A trial court's determination of 'good cause' to set aside an entry of default will not be disturbed on appeal absent an abuse of discretion." *Brown v. Lifford*, 136 N.C. App. 379, 382, 524 S.E.2d 587, 589 (2000). If a defendant gives the claim papers to his insurer and continues to actively monitor the case, this Court has been "amenable to allowing claims to be litigated." *Lifford*, 136 N.C. App. at 384, 524 S.E.2d at 590. Where a defendant gives the claim papers to the insurance company and does not inquire further, however, "we have been far less receptive to a contention that an entry of default was inappropriate." *Id.*

In this case, Plaintiff filed her complaint on 1 February 1999 and it was served on Defendant on 4 February 1999, thus Defendant's responsive pleadings were required to be filed no later than 9 March 1999. On 9 February 1999, Defendant took the claim papers to his insurance agent who told him they would be forwarded to an attorney to handle the responsive pleadings. The claim papers were mailed to Allstate and received on 15 February 1999. Between the time Defendant submitted the papers to his insurance agent and the time the entry of default was made, Defendant had no contact with his insurance company. Neither Defendant, nor his representatives, submitted an answer and on 10 March 1999, upon Plaintiff's motion, the clerk made an entry of default against Defendant.

Defendant's only action in this case was to deliver the suit papers to his insurance company. After delivery, he took no further

CABE v. WORLEY

[140 N.C. App. 250 (2000)]

action to inquire into the progress of the case. Accordingly, the trial court did not abuse its discretion in refusing to set aside the entry of default.[1]

## II

**[2]** "A demand for trial by jury . . . may not be withdrawn without the consent of the parties who have pleaded or otherwise appear[ed] in the action." N.C.G.S. § 1A-1, Rule 38(d) (1999). Thus, a plaintiff who has requested a jury trial may withdraw that request, without the consent of the defendant, at any time before an answer is filed or before an appearance is made by the defendant.

Generally, an appearance requires "some presentation or submission to the court." *Roland v. Motor Lines*, 32 N.C. App. 288, 289, 231 S.E.2d 685, 687 (1977) (citing *Port-Wide Container Co. v. Interstate Maintenance Corp.*, 440 F.2d 1195 (3d Cir. 1971)). A defendant does not have to directly respond to the complaint in order to "appear" in an action, but makes an "appearance" when the defendant "takes, seeks, or agrees to some step in the proceedings that is beneficial to himself or detrimental to the plaintiff." *Roland*, 32 N.C. App. at 289, 231 S.E.2d at 687 (citing 6 C.J.S. *Appearances* § 18).

In this case, Defendant failed to file an answer within 30 days from the date of service; however, he did file a motion to set aside entry of default on 16 March 1999. Plaintiff withdrew her demand for a jury trial on 29 April 1999,[2] more than a month after Defendant filed his motion to set aside the entry of default. Once Defendant filed his motion to set aside entry of default, he "appeared" in the action for purposes of the statute and, thus, Plaintiff was prevented from unilaterally withdrawing her jury request. The trial court, therefore, committed reversible error in conducting the trial on damages without a jury.

---

1. Likewise, the trial court did not err in denying Defendant's request to reconsider its decision to deny the motion to set aside the entry of default.

2. Plaintiff contends in the alternative she was entitled to amend her complaint to delete the jury request. We disagree. Rule 15(a) of the North Carolina Rules of Civil Procedure does permit one amendment of a complaint, without the permission of the trial court, any time before an answer is filed. N.C.G.S. § 1A-1, Rule 15(a) (1999). To allow such an amendment to delete a jury request, however, would contravene the clear teaching of Rule 38(d) and must not be permitted. *See* N.C.G.S. § 1A-1, Rule 38(d).

Denial of motion to set aside entry of default: Affirmed.

Trial: Reversed and remanded.

Judges EDMUNDS and SMITH concur.