IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA16-804

Filed: 3 October 2017

Currituck County, No. 12 CVS 334

SWAN BEACH COROLLA, L.L.C., OCEAN ASSOCIATES, LP, LITTLE NECK TOWERS, L.L.C., GERALD FRIEDMAN, NANCY FRIEDMAN, CHARLES S. FRIEDMAN, 'TIL MORNING, LLC, and SECOND STAR, LLC, Plaintiffs,

v.

COUNTY OF CURRITUCK; THE CURRITUCK COUNTY BOARD OF COMMISSIONERS; and JOHN D. RORER, MARION GILBERT, O. VANCE AYDLETT, JR., H.M. PETREY, J. OWEN ETHERIDGE, PAUL MARTIN, and S. PAUL O'NEAL as members of the CURRITUCK COUNTY BOARD OF COMMISSIONERS, Defendants.

Appeal by Defendants from a default judgment entered 9 May 2016 by Judge Milton F. Fitch, Jr., in Currituck County Superior Court. Heard in the Court of Appeals 19 April 2017.

*Smith, Anderson, Blount, Dorsett, Mitchell & Jernigan, L.L.P., by J. Mitchell Armbruster and Lacy H. Reaves, for Plaintiffs-Appellees.*

*The Brough Law Firm, PLLC, by G. Nicholas Herman and Currituck County Attorney Donald I. McRee, Jr., for Defendants-Appellants.*

*Conner Gwyn Schenck PLLC, by James S. Schenck, IV, and Amy Bason, for Amicus Curiae, the North Carolina Association of County Commissioners.*

*Simonsen Law Firm, P.C., by Lars P. Simonsen, for Amicus Curiae, the Northern Currituck Outer Banks Association.*

*Roger W. Knight, P.A., by Roger W. Knight, for Amicus Curiae, the Fruitville Beach Civic Association.*

INMAN, Judge.

The County of Currituck, the Currituck County Board of Commissioners, and members of that Board (collectively, "Defendants") appeal from the trial court's denial of their motion to set aside entry of default and the trial court's grant of default judgment in favor of Swan Beach Corolla, L.L.C., Ocean Associates, LP, Little Neck Towers, L.L.C., Gerald Friedman, Nancy Friedman, Charles S. Friedman, 'til Morning, LLC, and Second Star, LLC (collectively, "Plaintiffs"). Defendants argue that the trial court erred because the time in which they had to file an answer never commenced, thereby making the clerk's entry of default premature and void. Defendants also argue that even if they did not timely file an answer, the trial court abused its discretion by failing to apply the good cause standard when considering Defendants' motion to set aside the entry of default.

After careful review, we reverse the trial court's denial of Defendants' motion to set aside the entry of default.

## Factual and Procedural History

This is the third appeal to this Court in this case. Facts relevant to this appeal follow, but additional procedural and factual history of the litigation are included in our decisions resulting from the first two appeals. *See Swan Beach Corolla, L.L.C. v. Cty. of Currituck*, 234 N.C. App. 617, 619-21, 760 S.E.2d 302, 305-07 (2014) (*Swan*

*Beach I*); *and Swan Beach Corolla, L.L.C. v. Cty. of Currituck*, No. COA15-293, 2015 WL 8747777 *1, *1-3 (N.C. Ct. App. Dec. 15, 2015) (unpublished) (*Swan Beach II*).

Plaintiffs, a group of owners of real property in Currituck County, filed suit after Defendants refused to allow Plaintiffs to develop their land. Plaintiffs alleged in their complaint that: (1) Plaintiffs have common law vested rights to develop their property (the "Vested Rights Claim"); (2) Defendants were violating Plaintiffs' rights to due process and equal protection under the federal Constitution (the "Equal Protection Claim"); and (3) Defendants were violating Plaintiffs' right to taxation by uniform rules as guaranteed by Article V, Section 2 of the North Carolina Constitution (the "Uniform Tax Claim").

Defendants moved to dismiss all three claims pursuant to Rules 12(b)(1) and (6) of the North Carolina Rules of Civil Procedure without filing an answer. The trial court entered an order granting the motion in July 2013. Plaintiffs appealed, which resulted in the first appeal to this Court and our opinion in *Swan Beach I*.

*Swan Beach I* was decided by this Court on 1 July 2014. In *Swan Beach I*, we affirmed the trial court's dismissal of the Uniform Tax Claim, but reversed the dismissal of the Vested Rights Claim and the Equal Protection Claim. 234 N.C. App. at 622-31, 760 S.E.2d at 307-13. We remanded the matter to the trial court for further proceedings on the two remaining claims. *Id.* at 631, 760 S.E.2d at 313.

Less than a week after our decision, counsel for Defendants contacted counsel for Plaintiffs via email to disclose documents that could be subject to discovery and to forecast a forthcoming analysis by the county planning director to address Plaintiffs' long frustrated development plans.

On 21 July 2014, the mandate on *Swan Beach I* issued.

On 18 August 2014, counsel for Plaintiffs proposed via email to counsel for Defendants a meeting on 25 August 2014 to discuss settlement of the litigation. Defendants' counsel responded the following day, agreed to the meeting, and indicated that a location had been secured for depositions related to the litigation.

On 21 August 2014, thirty days after the issuance of the mandate and four days before the scheduled meeting to discuss settlement, Plaintiffs' counsel filed with the clerk of court a motion for entry of default based on Defendants' failure to file a timely responsive pleading as to their Vested Rights and Equal Protection claims. The clerk entered default. Plaintiffs' counsel served Defendants' counsel with notice via regular mail.

Six days after the clerk entered default, on 27 August 2014, Defendants filed a motion to set aside the entry of default and submitted to the court, but were not allowed to file, a proposed answer. Defendants' motion asserted that there was "no clearly established rule under the North Carolina Rules of Appellate Procedure or North Carolina Rules of Civil Procedure setting forth the time in which responsive

pleadings are to be filed following issuance of an opinion by the North Carolina Court of Appeals." Before the trial court, Defendants argued that N.C. Gen. Stat. § 1-298 (2015)—which states that "at the first session of the superior or district court after a certificate of the determination of an appeal is received, . . . if the judgment is modified, shall direct its modification and performance"—applied to the mandate from our decision in *Swan Beach I* and that Defendants' answer was not late because the trial court never entered an order directing the modification and performance, *i.e.*, the reinstatement of the Vested Rights and Equal Protection claims. The trial court denied Defendants' motion and Defendants timely appealed, leading to this Court's decision in *Swan Beach II.*

In *Swan Beach II*, we held that Defendants' appeal from the denial of their motion to set aside the entry of default was interlocutory because no default judgment had been entered. *Swan Beach II*, 2015 WL 8747777, at \*2. We limited our review to Defendants' arguments regarding the defenses of governmental immunity and collateral estoppel, which affected substantial rights. *Id.* at \*2. We affirmed the trial court's order only on the merits of these arguments, and otherwise "dismiss[ed] Defendants' appeal without prejudice to any right Defendants may have to make [additional] arguments at some later stage." *Id.* at \*5.

Plaintiffs filed an amended motion for default judgment, and Defendants responded with a second motion to set aside the entry of default and a motion to deny

Plaintiffs' motion for default judgment. The motions were heard before the trial court, which entered a default judgment awarding Plaintiffs their common law vested rights and $39,137,805 in damages for their Equal Protection claim. Defendants appealed the default judgment—the case now before us, *Swan Beach III*—and filed a motion under Rule 60(b) of the North Carolina Rules of Civil Procedure to set aside the default judgment.

This Court stayed Defendants' appeal in *Swan Beach III* until the trial court ruled on the Rule 60(b) motion. The trial court has since denied the motion and Defendants subsequently filed an appeal from that denial resulting in yet a fourth appeal, *Swan Beach IV*, which has been placed on a future docket of this Court.

In this decision, we address only Defendants' appeal from the denial of their motion to set aside the entry of default and the trial court's entry of default judgment in favor of Plaintiffs.

**Analysis**

Defendants' primary argument is that the time period in which they could file a responsive pleading never commenced because the complaint revived by this Court's decision in *Swan Beach I* was governed by N.C. Gen. Stat. § 1-298, which requires the trial court to enter an order effectuating the modification of its prior order following a decision by our Court. Defendants also argue that regardless of the applicability of § 1-298, the trial court abused its discretion by: (1) failing to apply the

proper standard—good cause—to its determination of Defendants' motion to set aside; and (2) assuming *arguendo* that the trial court had applied the good cause standard, it abused its discretion because Defendants' actions were not dilatory, Plaintiffs were not harmed by the delay, and a failure to set aside the entry of default will result in a grave injustice to Defendants.

We hold that the trial court abused its discretion by failing to apply the proper standard in considering Defendants' motion to set aside the entry of default, and that even if the trial court had applied the proper standard, denial of Defendants' motion to set aside the entry of default would amount to an abuse of discretion. Because we hold the trial court abused its discretion in denying the motion to set aside the entry of default, the default judgment is rendered void and we do not reach Defendants' other arguments.

*I. Standard of Review*

The decision of whether to set aside an entry of default for good cause under Rule 55(d) of the North  Carolina Rules of Civil Procedure is "within the sound discretion of the trial court[.]" *Auto. Equip. Distribs., Inc. v. Petroleum Equip. & Serv., Inc.*, 87 N.C. App. 606, 608, 361 S.E.2d 895, 896 (1987) (citation omitted). Such a decision therefore will "not be disturbed on appeal absent a showing of abuse of that discretion." *Id.* at 608, 361 S.E.2d at 896 (internal quotation marks and citation omitted).

*II. Motion to Set Aside the Entry of Default*

In determining whether a party has made a showing of good cause to set aside the entry of default, as well as when reviewing a trial court's decision regarding such a motion, our Court considers: "(1) was [the moving party] diligent in pursuit of [the] matter; (2) did [the non-moving party] suffer any harm by virtue of the delay; and (3) would [the moving party] suffer a grave injustice by being unable to defend the action." *Luke v. Omega Consulting Grp., LC*, 194 N.C. App. 745, 748, 670 S.E.2d 604, 607 (2009) (quoting *Auto. Equip. Distribs.*, 87 N.C. App. at 608, 361 S.E.2d at 896-97); *see also Brown v. Lifford*, 136 N.C. App. 379, 382, 524 S.E.2d 587, 589 (2000). Importantly, our Court has explained that a "[d]efault judgment is a drastic remedy which should be reserved for those cases . . . in which one party refuses or fails to attend to his or her legal business." *Beard v. Pembaur*, 68 N.C. App. 52, 58, 313 S.E.2d 853, 856 (1984).

A trial court abuses its discretion when the party appealing the denial of its motion to set aside the entry of default demonstrates that the trial court did not apply the proper "good cause" standard in its determination. *Decker v. Homes, Inc./Constr. Mgmt. & Fin. Grp.*, 187 N.C. App. 658, 661-62, 654 S.E.2d 495, 498-99 (2007). In such instances, our Court has vacated and remanded the trial court's decision with instruction to the trial court to engage in a proper examination under the correct standard. *Id.* at 662, 654 S.E.2d at 499 ("The order denying the motion to set aside

the entry of default must be vacated, and this matter remanded for reconsideration by the trial court as to whether [the] defendants have shown good cause to set aside default.").

However, a trial court's failure to apply the "good cause" standard is not the only circumstance in which our Court has found an abuse of discretion in denying a motion to set aside the entry of default. In *Peebles v. Moore*, 48 N.C. App. 497, 504, 269 S.E.2d 694, 698 (1980), *modified and aff'd by* 302 N.C. 351, 275 S.E.2d 833 (1981), this Court held that the trial court abused its discretion in finding that the defendant had not established good cause to set aside the entry of default. This Court explained that "[w]hile setting aside a default judgment under [N.C. Gen. Stat. §] 1A-1, Rule 60(b) generally involves a showing of excusable neglect and a meritorious defense, to set aside an entry of default, all that need be shown is good cause." *Id.* at 504, 269 S.E.2d at 698 (internal citations omitted). We noted that "[w]hat constitutes 'good cause' depends on the circumstances in a particular case, and within the limits of discretion, an inadvertence which is not strictly excusable may constitute good cause, particularly 'where the plaintiff can suffer no harm from the short delay involved in the default and grave injustice may be done to the defendant.'" *Id.* at 504, 269 S.E.2d at 698 (quoting *Whaley v. Rhodes*, 10 N.C. App. 109, 112, 177 S.E.2d 735, 737 (1970)). "This standard is less stringent than the showing of 'mistake, inadvertence, or excusable neglect' necessary to set aside a default judgment pursuant to N.C. Gen.

Stat. § 1A-1, Rule 60(b)." *Brown*, 136 N.C. App. at 382, 524 S.E.2d at 589 (citation omitted).

In modifying and affirming our Court's decision in *Peebles*, the Supreme Court held that "the better reasoned and more equitable result may be reached by adhering to the principle that a default should not be entered, even though technical default is clear, if justice may be served otherwise." *Peebles*, 302 N.C. at 356, 275 S.E.2d at 836. This principle is in line with the strong public policy that "[t]he law generally disfavors default and 'any doubt should be resolved in favor of setting aside an entry of default so that the case may be decided on its merits.'" *Auto. Equip. Distribs.*, 87 N.C. App. at 608, 361 S.E.2d at 896 (quoting *Peebles*, 302 N.C. App. at 504-05, 269 S.E.2d at 698).

In this case, the trial court provided the following reasoning when it denied Defendants' motion to set aside the entry of default:

> THE COURT: I will readily admit that I do not fully understand the—and know the appellate rules. But would you not have an opportunity if I were to deny your Motion to Set Aside the Default to appeal that ruling?
>
> . . .
>
> THE COURT: Well, I'm going to do that. *For one reason, it will give us on the trial bench some clarity as to how we are to proceed in this particular situation where it never happens again.* So I'm going to deny your Motion to Set Aside the default. And you can appeal my ruling and then the Court of Appeals can give us some clarity on how we are to proceed on that.

(emphasis added). Plaintiffs assert that the trial court's use of the language "[f]or one reason" indicates that the trial court's uncertainty regarding § 1-298 was not the sole reason for its determination and that we must presume the court found on proper evidence facts to support its judgment—specifically, a finding of no good cause. We are unpersuaded.

A full review of the hearing and the trial court's written order reveals that the trial court identified no reason for its denial of Defendants' motion other than uncertainty as to whether the time for which Defendants had to file an answer had run. Following the governing principle that "any doubt should be resolved in favor of setting aside an entry of default," *Peebles*, 302 N.C. App. at 504-05, 269 S.E.2d at 698, we conclude that the trial court failed to apply the proper standard in its determination and abused its discretion through this failure.

In addition to abusing its discretion by failing to apply the proper standard, we are persuaded that had the trial court applied the good cause standard, it would have nonetheless abused its discretion by denying Defendants' motion given the circumstances in this case. *See Beard*, 68 N.C. App. at 56, 313 S.E.2d at 855 ("Even if the trial court used as its standard, 'good cause,' as set forth in Rule 55(d), the trial court abused its discretion in this case.").

To demonstrate good cause, Defendants must show: (1) they were diligent in pursuit of the matter; (2) Plaintiffs did not suffer harm by virtue of the delay; and (3)

they would suffer a grave injustice by being unable to defend the action. *See Luke*, 194 N.C. App. at 748, 670 S.E.2d at 589.

To this end, Defendants assert on appeal that: (1) there had been extensive discovery and litigation before the trial court and our Court and Defendants' reliance on § 1-298 was neither unreasonable nor dilatory; (2) Plaintiffs have not suffered any harm by Defendants' delay in filing an answer; and (3) Defendants will suffer a grave injustice by being unable to defend against claims of religious discrimination and claims impairing Defendants' ability to govern and regulate the development of property within the County. We agree.

In *Beard*, the evidence on record indicated that "discovery was being pursued vigorously by the parties; that [the] plaintiff's counsel thought, albeit erroneously, that service was not perfected on [the] defendant until . . . four days before the entry of default; and that all matters in [the] defendant's Counterclaim related to the . . . subject of all material allegations in the plaintiff's Complaint." 68 N.C. App. at 56, 313 S.E.2d at 855-56. Based on those facts as considered in light of the principle that default judgments should be reserved for instances in which "one party refuse or fails to attend to his or her legal business[,]" this Court held that the trial court abused its discretion by denying the a motion to set aside the entry of default. *Id.* at 58, 313 S.E.2d at 856.

Plaintiffs seek to distinguish the facts of this case from those in *Beard*. Plaintiffs rely on our Court's decision in *Granville Med. Ctr. v. Tipton*, 160 N.C. App. 484, 487, 586 S.E.2d 791, 794 (2003), which upheld the denial of a motion to set aside the entry of default by a defendant who failed to respond for seven months after service of a summons. The defendant sought to be excused for the delay because he was not a lawyer. *Id.* at 487, 586 S.E.2d at 794. His argument was unsuccessful because "the evidence show[ed the] defendant simply neglected the matter at issue." *Id.* at 488, 586 S.E.2d at 795. *Granville* is inapposite to the present case, in which Defendants submitted an answer for filing within days of learning of the entry of default.

By the time of the hearing on the initial motion to set aside the entry of default, this case had been pending for over two years, largely for reasons inherent in any case from which an appeal is taken. Defendants had obtained a judgment of dismissal in July 2013 and followed the appeal of that judgment by Plaintiffs through litigation before this Court. The appeal was not resolved until a year later, in July 2014, when this Court reversed the dismissal of Plaintiffs' Vested Rights and Equal Protection claims.

Within a week of this Court's decision, counsel for Defendants promptly resumed discussions with Plaintiffs' counsel regarding discovery scheduling and other tasks related to continuing the litigation in the trial court. Two days before

Plaintiffs' counsel sought entry of default, counsel had scheduled a meeting to discuss settlement. It is undisputed that the entry of default came as a surprise to Defendants.

Six days after the clerk's entry of default and before the entry of a default judgment, Defendants submitted a proposed answer and filed the motion to set aside the entry of default. The motion included the colorable argument that N.C. Gen. Stat. § 1-298 applied to the decision from our Court reinstating two of Plaintiffs' claims. Regardless of whether N.C. Gen. Stat. § 1-298 applied, these actions demonstrate that Defendants' delay in filing an answer was not dilatory.

Our dissenting colleague asserts that Plaintiffs were harmed by Defendants' delayed response to the complaint, advancing an argument not raised by Plaintiffs before the trial court or before this Court. Nothing in the record indicates that Plaintiffs asserted that they had suffered any harm by the delay of sixteen days between 11 August 2014, which Plaintiffs contend was the last day Defendants were allowed to file an answer, and 27 August 2014, when Defendants submitted their proposed answer. Nor have Plaintiffs in their briefs filed with this Court asserted any harm by that delay.

Finally, we are persuaded that given the size of the judgment and the nature of the claims, Defendants would suffer a grave injustice if they were denied the ability to defend against Plaintiffs' claims.

Accordingly, we hold that the trial court abused its discretion in denying Defendants' motion to set aside the entry of default.

**Conclusion**

For the foregoing reasons, we hold the trial court abused its discretion by failing to apply the good cause standard when it denied Defendants' motion to set aside the entry of default. Because we also hold that even if the trial court had applied the proper standard it would have abused its discretion in denying Defendants' motion, we reverse the trial court's order.

We are not blind to the principle that "rules which require responsive pleadings within a limited time serve important social goals, and a party should not be permitted to flout them with impunity." *Howell v. Haliburton*, 22 N.C. App. 40, 42, 205 S.E.2d 617, 619 (1974). But in the circumstances of this case, justice is best served by reversing the trial court's denial of Defendants' motion to set aside the clerk's entry of default.

REVERSED.

Judge ELMORE concurs.

Judge BERGER dissents with separate opinion.

BERGER, Judge, dissenting in separate opinion.

I respectfully dissent from the majority opinion for two reasons: (1) it would be more prudent to remand this matter to the trial court for additional findings, and (2) the majority is sanctioning what is essentially a "mistake of law" defense by Defendants.

There is no dispute that the trial court's order is lacking.  However, remanding for additional findings is appropriate in this matter.  *See Coastal Fed. Credit Union v. Falls*, 217 N.C. App 100, 718 S.E.2d 192 (2011).

 In addition, we should not allow mistake of law on the part of a defaulting party to constitute good cause.  To demonstrate good cause, Defendants have the burden of showing: (1) Defendants were diligent in pursuit of the matter; (2) Plaintiffs did not suffer harm by virtue of the delay; and (3) Defendants would suffer "grave injustice by being unable to defend the action."  *Luke v. Omega Consulting Grp., LC*, 194 N.C. App. 745, 748, 670 S.E.2d 604, 607 (2009) (citations and quotation marks omitted).

However, our courts have held that failure to understand the law is not good cause to set aside entry of default.  *See Lewis v. Hope,* 224 N.C. App. 322, 324-25, 736 S.E.2d 214, 216-17 (2012) (finding good cause was not shown where the "[d]efendant's claims amount[ed] to nothing more than alleging that he was unaware of the need to file an answer because of his unfamiliarity with the law").  *See also First Citizens Bank & Tr. Co. v. Cannon*, 138 N.C. App. 153, 158, 530 S.E.2d 581, 584 (2000)

(affirming entry of default where *pro se* party claimed she " 'was unaware that she was required to file an Answer' "); *Granville Med. Ctr. v. Tipton*, 160 N.C. App. 484, 487, 586 S.E.2d 791, 794 (2003) (finding no good cause was shown by the defendant who argued he was "unfamiliar with the procedural and substantive rules of law").

While the law may disfavor default, courts have stressed the importance of filing timely responsive pleadings. Inattention and disregard for the rules should not be rewarded. Defendants admit they failed to file a responsive pleading. Further, they acknowledge that they were aware of this Court's determination that further proceedings were to occur, but argue that because of their interpretation of North Carolina General Statute Section 1-298, no responsive pleading was due and entry of default was improper. If mistake of law is not a valid excuse for *pro se* defendants, it should not be allowed here.

North Carolina General Statute Section 1-298 states in relevant part that "[i]n civil cases, at the first session of the superior or district court after a certificate of the determination of an appeal is received, . . . if the judgment is modified, [the court below] shall direct its modification and performance." N.C.G.S. § 1-298 (2015). Under the rules of civil procedure, parties have twenty days to file a response after receiving "*notice* of the court's action in ruling on [a] motion." N.C. R. Civ. P. 12(a)(1) (emphasis added). Rather than following the rules of procedure, Defendants argue that Section 1-298 requires the lower court to enter its own order to establish the efficacy of this

Court's decision in *Swan Beach I* in order to continue with these proceedings. I disagree.

As noted in *D & W, Inc., v. City of Charlotte*, 268 N.C. 720, 724, 152 S.E.2d 199, 203 (1966), the Supreme Court explicitly stated "the efficacy of our mandate does not depend upon the entry of an order by the court below." The Supreme Court also highlighted that "[n]o judgment other than that directed or permitted by the appellate court may be entered. Otherwise, litigation would never be ended[.]" *Id.* at 722, 152 S.E.2d at 202 (citation and quotation marks omitted). A mandate from the appellate court is automatically issued twenty days after the filing of an appellate opinion. N.C.R. App. P. 32.

Defendants would have us believe that the trial court must take some affirmative act before they had the responsibility to file an answer to a complaint which they knew existed. In reality, they had twenty days in which to file a response because no action by the trial court was necessary.

Simply, the Defendants unjustifiably relied on Section 1-298 to their detriment. While the majority indicates that "Defendants submitted an answer for filing within days of learning of the entry of default," this does not make them diligent. To the contrary, Defendants had fifty days after this Court's published *Swan I* opinion to prepare and file an answer. They failed to do so, and have failed to show good cause.

Also, it is somewhat misleading to indicate that Plaintiffs have asserted no harm from the delay caused by failure to file a responsive pleading. Defendants argue *inter alia* that Plaintiffs have not raised the issue of harm, thus they are unconcerned with the delay caused by Defendants. Plaintiffs have been harmed, however, and absent the entry of default, Plaintiffs may still be waiting on Defendants to file their answer.

This litigation began in 2012. For the past five years Plaintiffs have been unable to exercise fundamental property rights due to the actions of Defendants. Plaintiffs provided affidavits from two experts attesting to the damages incurred by Plaintiffs since the beginning of this litigation. While these reports are not specific to the fifty days in which Defendants failed to respond, they are indicative of damages Plaintiffs have suffered. However, Defendants failed to address either affidavit included in the record regarding damages. Defendants have not adequately shown that Plaintiffs suffered no harm sufficient to set aside the entry of default.

I believe this matter should be remanded to the trial court for entry of additional findings. Failing there, however, Defendants were not diligent in pursuing this matter. Further, Defendants have not shown Plaintiffs have suffered no harm. Accordingly, I would affirm the entry of default.