INMAN, Judge, concurring.
I concur with the majority's well-reasoned opinion and holding affirming the trial court's orders entering default judgment and amending the default judgment. I write separately only to note the distinction between the legal standards applicable in cases such as this, in which a defendant first seeks relief from the trial court after a default judgment has been entered, and cases in which a defendant seeks relief from entry of default before a default judgment has been entered. Such was the case we addressed recently in Swan Beach Corolla, L.L.C. v. Cty. of Currituck, --- N.C. App. ----, ---S.E.2d ---- (Oct. 3, 2017) (COA16-804).
As discussed in Swan Beach, a trial court has authority to set aside entry of default prior to the entry of default judgment for good cause shown, a standard of proof that is more lenient than the standard of proof required to set aside a default judgment. Id. at ----, --- S.E.2d at ----. That is because Rule 55(d) of the North Carolina Rules of Civil Procedure, which provides the "good cause" standard to set aside the entry of default, specifies that a different procedural rule, 60(b), governs a motion to set aside a judgment by default. N.C. Gen. Stat. § 1A-1, Rule 55(d) (2015). Rule 60(b) of the North Carolina Rules of Civil Procedure provides for relief from a default judgment for reasons including "[m]istake, inadvertence, surprise, or excusable neglect [.]" N.C. Gen. Stat. § 1A-1, Rule 60(b)(1) (2015) ; see also Swan Beach, --- N.C. App. at ----, --- S.E.2d at ----; Brown v. Lifford, 136 N.C. App. 379, 382, 524 S.E.2d 587, 589 (2000) (citations omitted) (explaining that the "good cause" standard "is less stringent than the showing of 'mistake, inadvertence, or excusable neglect' necessary to set aside a default judgment ..."). This Court has consistently applied a three-factor test in reviewing a trial court's application of the "good cause" standard in considering motions to set aside entry of default brought prior to the entry of default judgment. Swan Beach, --- N.C. App. at ----, S.E.2d at ----; Brown, 136 N.C. App. at 382, 524 S.E.2d at 589. Those factors differ from the trial court's analysis in this case, and our analysis on appellate review, because Lee sought no relief from the trial court prior to the entry of default judgment.