W. ROY POOLE AND WIFE, MARY R. POOLE, WALTER R. POOLE, JR. AND WIFE, ANN H. POOLE; ANNE P. WORTHINGTON AND HUSBAND, BOBBY DEAN WORTHINGTON v. HANOVER BROOK, INC.

No. 777SC87

(Filed 7 December 1977)

1. **Rules of Civil Procedure § 4— service of process on foreign corporation—registered mail—service on proper person**

    In an action against a foreign corporation, plaintiff made a prima facie showing that service of process by registered mail, return receipt requested, was made on a proper person where the return receipt included in the record showed that the summons, which was directed to the corporate defendant and addressed to defendant's president, was received by an "authorized agent," and an affidavit of plaintiff's attorney averred that the corporate defendant did not have an authorized agent for service of process in this State, that he had sent a copy of the summons and complaint to defendant by registered mail, return receipt requested, and that process had been received by an authorized agent. G.S. 1A-1, Rule 4(j)(9)(b).

2. **Rules of Civil Procedure § 4— service of process by registered mail—initiation by sheriff not necessary**

    There is no requirement that service of process by registered or certified mail be initiated by the sheriff of the county in which the process is issued.

3. **Rules of Civil Procedure § 4— service of process by registered mail—showing of proper addressee**

    Plaintiff made a prima facie showing that the summons and complaint in an action against a foreign corporation were mailed to the proper addressee— the president of the corporate defendant.

4. **Rules of Civil Procedure § 4— service of process by registered mail—due process**

    The corporate defendant was not denied due process by service of process on it by registered letter addressed to its president where the return receipt discloses that the summons and complaint were actually delivered to an authorized agent of defendant.

APPEAL by defendant from *Fountain, Judge*. Judgment entered 8 November 1976 in Superior Court, NASH County. Heard in the Court of Appeals 15 November 1977.

Plaintiffs instituted this action against defendant, an Illinois corporation, on 7 July 1976 to have an option contract for the purchase of real property in Nash County declared void for the reason that defendant had not complied with the terms of the contract. Summons was issued on 7 July 1976 in the following form:

| Defendant | Address |
|---|---|
| HANOVER BROOK, INC. | c/o Jack Jacobs & Co.<br>6160 N. Cicero Avenue<br>Chicago, Illinois 60646 |

Service of process was had on the defendant in Chicago, Illinois, on 9 July 1976 pursuant to the provisions of G.S. 1A-1, Rule 4(j)(9) (b). The summons and complaint were mailed to defendant by registered mail, return receipt requested. The return receipt provides the following information:

"2. ARTICLE ADDRESSED TO:

Mr. Donald A. Kahan, President
Hanover Brook, Inc.
c/o Jack Jacobs & Company
6160 N. Cicero Av., Chicago, Ill 60646

3. ARTICLE DESCRIPTION

REGISTERED NO. 3254
(Always obtain signature of addressee or agent)
I have received that article described above. ·

SIGNATURE by Authorized Agent, M. McCartin

4. DATE OF DELIVERY JUL 9 1976"

Following the delivery of the summons and complaint, the following events took place:

(1) On 5 August 1976 defendant, through its original attorneys, obtained an order giving them a 30-day extension of time within which to answer or otherwise plead.

(2) On 13 September 1976 defendant's original attorneys obtained an order permitting them to withdraw as counsel and

enlarging the time for defendant to answer or otherwise plead until 13 October 1976.

(3) On 27 September 1976 present counsel entered the case and on 28 September 1976 notified counsel for plaintiffs that they had been retained by defendant.

(4) On 28 September 1976 plaintiffs filed a motion for summary judgment with hearing date set for 11 October 1976.

(5) On 5 October 1976 defendant served interrogatories on the various plaintiffs.

(6) On 7 October 1976 defendant filed a motion to obtain a further extension of time to answer or otherwise plead and to have the summary judgment hearing delayed.

(7) On 11 October 1976 defendant was granted an extension until 18 October 1976 to plead and the requested delay for the summary judgment hearing until 8 November 1976.

(8) On 13 October 1976 defendant filed a motion to dismiss pursuant to G.S. 1A-1, Rule 12(b), based on the insufficiency of service of process, lack of jurisdiction over the person of defendant, and failure to join a necessary party to the action.

(9) On 20 October 1976 plaintiffs answered defendant's Rule 12(b) motion to dismiss. On 21 October 1976 plaintiffs' attorney filed an affidavit stating that defendant was an Illinois corporation without an agent in North Carolina authorized by the corporation to be served or to accept service of process; that on 7 July 1976 a copy of the summons and complaint was sent by registered mail, return receipt requested to:

Mr. Donald A. Kahan, President
Hanover Brook, Inc.
c/o Jack Jacobs and Company
6160 N. Cicero Av, Chicago, Ill 60646;

and that based on the information contained in the return receipt which was attached to the affidavit, the addressee had received the complaint and summons on 9 July 1976.

(10) On 8 November 1976, a hearing was held on defendant's motion to dismiss and it was denied.

Defendant appeals.

*Thomas B. Griffin, attorney for plaintiff appellees.*

*Purrington, Hatch & McNamara, by Thomas P. McNamara and W. Russell Hamilton III, for defendant appellant.*

BRITT, Judge.

Defendant contends first that the service of process was insufficient in that the requirements of Rule 4(j) for service of process were not strictly followed in three respects: (1) the record does not contain sufficient information to meet plaintiffs' burden of proof to show that service was made on a proper person; (2) the summons was not served by the Sheriff as required by Rule 4(a); and (3) the summons was not addressed in the manner required by Rule 4. We do not find any of these reasons persuasive.

G.S. 1A-1, Rule 4(j)(9)(b) provides:

(9) Alternative Method of Service on Party That Cannot Otherwise Be Served or Is Not Inhabitant of or Found Within State. — Any party that cannot after due diligence be served within this State in the manner heretofore prescribed in this section (j), or that is not an inhabitant of or found within this State, or is concealing his person or whereabouts to avoid service of process, or is a transient person, or one whose residence is unknown, or is a corporation incorporated under the laws of any other state or foreign country and has no agent authorized by appointment or by law to be served or to accept service of process, service upon the defendant may be made in the following manner:

\* \* \*

b. Registered or Certified Mail. — Any party subject to service of process under this subsection (9) may be served by mailing a copy of the summons and complaint, registered or certified mail, return receipt requested, addressed to the party to be served. Service shall be complete on the day the summons and complaint are delivered to the addressee, but the court in which the action is pending shall, upon motion of the party served, allow such additional time as may be necessary to afford the defendant reasonable opportunity to defend the action. Before judgment by default may be had on such

service, the serving party shall file an affidavit with the court showing the circumstances warranting the use of the service by registered or certified mail and averring (i) that a copy of the summons and complaint was deposited in the post office for mailing by registered or certified mail, return receipt requested, (ii) that it was in fact received as evidenced by the attached registered or certified receipt or other evidence satisfactory to the court of delivery to the addressee and (iii) that the genuine receipt or other evidence of delivery is attached. This affidavit shall be prima facie evidence that service was made on the date disclosed therein in accordance with the requirements of this paragraph, and shall also constitute the method of proof of service of process when the party appears in the action and challenges such service upon him.

G.S. 1A-1, Rule 4(j)(6)(c) provides:

(j) Process—manner of service to exercise personal jurisdiction. — In any action commenced in a court of this State having jurisdiction of the subject matter and grounds for personal jurisdiction as provided in G.S. 1-75.4, the manner of service shall be as follows:

*     *     *

(6) Domestic or Foreign Corporation. — Upon a domestic or foreign corporation:

*     *     *

c. By mailing a copy of the summons and of the complaint, registered or certified mail, return receipt requested, addressed to the officer, director or agent to be served as specified in paragraphs a and b.

[1]   Due to the specific language of Rule 4(j)(9) and Rule 4(j)(6)(c), we find no merit in defendant's argument that service was insufficient because the record does not show that it was made on a proper person. The record includes the return receipt which shows that the summons which was directed to the defendant, HANOVER BROOK, INC., and addressed to Mr. Donald A. Kahan, President, was received on 9 July 1976 by M. McCartin, authorized agent.

In the recent case of *Lewis Clarke Associates v. Tobler*, 32 N.C. App. 435, 438, 232 S.E. 2d 458, 459, *cert. denied* 292 N.C. 641, 235 S.E. 2d 60 (1977), this court stated:

> [T]he provision in Rule 4(j)(9)(b) providing that service of process will be complete when the copies of the summons and complaint are "delivered to the addressee," contemplates merely that the registered or certified mail be delivered to the address of the party to be served and that a person of reasonable age and discretion receive the mail and sign the return receipt on behalf of the addressee.
>
> A showing on the face of the record of compliance with the statute providing for service of process raises a rebuttable presumption of valid service. *Finance Co. v. Leonard*, 263 N.C. 167, 139 S.E. 2d 356 (1964); *Harrington v. Rice*, 245 N.C. 640, 97 S.E. 2d 239 (1957).

In the present case, it is a reasonable inference from the return receipt that the summons and complaint were delivered to a person, M. McCartin, at defendant's address, and that M. McCartin received the summons and complaint on behalf of Donald A. Kahan, president of defendant. The summons itself was properly directed to defendant corporation, G.S. 1A-1, Rule 4(b), and the mailing was properly addressed to an officer of the corporation, G.S. 1A-1, Rule 4(j)(6)(c). It can be assumed that M. McCartin was a person of reasonable age and discretion authorized to receive registered mail and sign the receipt for the addressee.

The return receipt and the affidavit of plaintiffs' attorney averring that defendant did not have an authorized agent for service of process within this state, and that he had sent a copy of the summons and complaint to defendant by registered mail, return receipt requested, and that the process had been received by an authorized agent, shows sufficient compliance with Rule 4(j)(9)(b) to raise a rebuttable presumption of valid service. Defendant did not attempt to rebut this presumption by showing that he did not receive copies of the summons and complaint. Consequently, defendant has failed to show that service of process was insufficient because a delivery was not made to a proper person.

[2]  We find no merit in defendant's argument that the service was not proper for the reason that it should have been mailed by the sheriff of Nash County.

G.S. 1A-1, Rule 4(a), provides for the traditional method of service of process "by the sheriff of the county where service is to be made or some other person duly authorized by law to serve summons." Rule 4(j)(9), quoted in pertinent part above, provides for *alternative* methods of service on a party that cannot otherwise be served or is not an inhabitant of or found within this state. Three alternative methods are set forth: (1) Personal service outside the state by one of the persons authorized in Rule 4(a); (2) registered or certified mail; or (3) service by publication. We find nothing in Rule 4(j)(9)(b) or elsewhere that requires that service by registered or certified mail be initiated by the sheriff of the county in which process is issued.

[3] We find no merit in defendant's argument that the service was improper because the summons was not addressed in the manner prescribed by Rule 4. The summons was directed to defendant, Hanover Brook, Inc. as required by Rule 4(b). *Philpott v. Kerns*, 285 N.C. 225, 203 S.E. 2d 778 (1974). The mailing address was completed in compliance with Rule 4(j)(6)(c) which requires that a copy of the summons and complaint be addressed to the officer, director or agent to be served and mailed by registered or certified mail, return receipt requested. The mailing address was as follows:

Mr. Donald A. Kahan, President
Hanover Brook, Inc.
c/o Jack Jacobs & Company
6160 N. Cicero Av, Chicago, Ill 60646

The logical inference from the form of the address and from the return receipt is that Mr. Donald A. Kahan is the president of Hanover Brook, Inc. We hold that plaintiff made a prima facie showing that the summons and complaint were mailed to the proper addressee, the President of Hanover Brook, Inc., Mr. Donald A. Kahan. Defendant offered nothing to rebut that showing.

[4] Defendant contends next that even if the service of process is found to be proper under the applicable rules and statutes of North Carolina, it has been denied due process in violation of Article I, Section 19, of the North Carolina Constitution and the Fourteenth Amendment to the United States Constitution. We find no merit in this contention. The registered receipt discloses

that the summons and complaint were actually delivered to an authorized agent of the defendant. "Such service by registered mail is 'reasonably calculated . . . to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections,' and therefore, complies with due process requirements. (Citations)" *Chadbourn, Inc. v. Katz*, 285 N.C. 700, 707, 208 S.E. 2d 676, 680 (1974).

Since the service of process was proper, and placed the defendant within the jurisdiction of the court, we do not find it necessary to reach defendant's contention that it did not waive defective service of process.

For the reasons stated the judgment appealed from is

Affirmed.

Judges PARKER and VAUGHN concur.