GERALD V. GREENUP, EXECUTOR OF THE ESTATE OF JOHN ALLEN GREENUP v. MYRTLE B. REGISTER

No. 918SC587

(Filed 3 December 1991)

**Rules of Civil Procedure § 4 (NCI3d) — process — delivery to place of business — improper service**

A deputy sheriff's delivery of the summons and complaint to defendant's brother at defendant's place of business rather than at her residence failed to comply with N.C.G.S. § 1A-1, Rule 4(j)(1)(a) and was insufficient to give the court jurisdiction over defendant.

**Am Jur 2d, Process §§ 198, 201, 203, 205, 219, 223-226.**

**Who is "person of suitable age and discretion" under statutes or rules relating to substituted service of process. 91 ALR3d 827.**

APPEAL by defendant from order entered 25 February 1991 by *Judge James D. Llewellyn* in LENOIR County Superior Court. Heard in the Court of Appeals 8 November 1991.

*No brief for plaintiff-appellee.*

*Bruce and Bryant, P.A., by R. Michael Bruce, for defendant-appellant.*

WYNN, Judge.

Plaintiff filed a complaint dated 19 April 1990, alleging that decedent had loaned money to defendant upon defendant's promise to repay the loans. The complaint alleged that plaintiff had made demand of defendant, but that no part of the loan had been repaid. Plaintiff sought to recover $94,520.00 plus interest. A summons was issued on 23 April 1990, but was returned with the notation that defendant was not served because she "[l]ives in Sampson County on U.S. 421 near Midway School." Thereafter, an alias and pluries summons was issued on 2 May 1990, and defendant's address was listed as follows:

Route 5, Box 488
Dunn, North Carolina 28334

The return of service states that on 8 May 1990, Deputy Sheriff E.L. Vann left a copy of the summons with defendant's brother, James "Buddy" Barefoot, at the "dwelling house or usual place of abode of the defendant. . . . " Defendant failed to file an answer, and upon plaintiff's motion, a default judgment was entered against defendant on 25 June 1990. Thereafter, defendant filed a motion to set aside the default judgment on the grounds that she had not been properly served. On 25 February 1991, the trial court entered an order denying defendant's motion to set aside the default judgment. Defendant appeals.

Essentially, defendant argues the trial court erred in failing to set aside the default judgment because service was improper. She asserts that she was not served according to the provisions of N.C. Gen. Stat. § 1A-1, Rule 4(j).

N.C. Gen. Stat. § 1A-1, Rule 4(j) provides:

In any action commenced in a court of this State having jurisdiction of the subject matter and grounds for personal jurisdiction as provided in G.S. 1-75.4, the manner of service of process within or without the State shall be as follows:

(1) Natural Person.—Except as provided in subsection (2) below, upon a natural person:

GREENUP v. REGISTER

[104 N.C. App. 618 (1991)]

> a. By delivering a copy of the summons and of the complaint to him or by leaving copies thereof at the defendant's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein.

The requirements of this section must be construed strictly and the prescribed procedure must be followed strictly. *Guthrie v. Ray*, 31 N.C. App. 142, 228 S.E.2d 471 (1976), *rev'd on other grounds*, 293 N.C. 67, 235 S.E.2d 146 (1977). Unless the requirements are met, there is no valid service. *Id.* When the officer's return of the summons shows legal service, a presumption of valid service of process is created. *Harrington v. Rice*, 245 N.C. 640, 97 S.E.2d 239 (1957). However, this presumption is rebuttable. *Id.*

Deputy Sheriff Edward Vann testified at the hearing on defendant's motion that on 8 May 1990, he served an alias and pluries summons on defendant by leaving a copy of the summons and complaint with defendant's brother. He testified that at approximately 11:45 p.m., he arrived at the Green Top Grill and saw defendant's two brothers, Charles and Buddy, locking the door to the grill. Vann asked where defendant was and explained that he had papers to serve on her. Buddy Barefoot told him that he would take a copy of the summons and deliver it to defendant. Vann gave him a copy of the summons and complaint.

Defendant testified that she did not receive the summons. Charles Barefoot testified that Deputy Vann arrived at the grill as he and his brother were closing for the night. Charles told Vann that he would deliver the papers to defendant. He put the papers in the glove compartment of the truck that he was driving that night and forgot about them until defendant found out that there was a judgment of default against her.

In *Hall v. Lassiter*, 44 N.C. App. 23, 260 S.E.2d 155 (1979), *disc. review denied*, 299 N.C. 330, 265 S.E.2d 395 (1980), a Randolph County deputy sheriff left copies of the summonses and complaints with Douglas Lassiter, a son of one of the defendants, at the defendants' place of business. This Court concluded that the delivery of the papers to Douglas Lassiter at the defendants' place of business instead of defendants' respective residences was not in compliance with Rule 4(j)(1); thus, jurisdiction over the defendants was not obtained.

Likewise, in the present case, jurisdiction was not obtained over defendant. All of the undisputed evidence offered at the hearing showed that the Green Top Grill was defendant's place of business and not a place of residence. Defendant offered evidence that although she worked in excess of 12 hours per day at the grill, she resided in a house which was several hundred feet from the grill. Deputy Sheriff Vann himself testified that he did not know where defendant lived and he never inquired as to such. Buddy Barefoot testified that he resided in Johnston County approximately ten miles from the grill and that his brother, Charles, lives next to him. He also testified that at no time has defendant resided with him. Plaintiff offered absolutely no evidence that defendant's residence was the Green Top Grill nor did he offer any evidence that Buddy Barefoot resided with defendant therein. Thus, we hold that the delivery of the papers to one of defendant's brothers at defendant's place of business was not in compliance with Rule 4(j)(1)(a), and jurisdiction over defendant was not obtained. Accordingly, the order of the trial court denying defendant's motion to set aside the default judgment is reversed, and the cause remanded to the Superior Court of Lenoir County for the entry of an order setting aside the default judgment and dismissing the action.

Reversed and remanded.

Chief Judge HEDRICK and Judge JOHNSON concur.