OLD SALEM FOREIGN CAR SERVICE, INC., Plaintiff v. ANTHONY WEBB and WINSTON-SALEM CITY EMPLOYEES' CREDIT UNION, Defendants

No. COA02-630

(Filed 15 July 2003)

**1. Judgments— entry of default—motion to set aside—good cause not shown**

The trial court did not err by denying a defendant's motion to set aside an entry of default arising from the repossession of an automobile where defendant did not present grounds constituting good cause.

**2. Unfair Trade Practices— mechanic's lien—removal of auto from mechanic's lot—not unfair trade practice**

Plaintiff auto repair business was not entitled to recover treble damages from defendant credit union for an unfair trade practice based upon its allegations that defendant removed an auto from plaintiff's premises without permission or notice to

plaintiff after defendant had notice of plaintiff's mechanic's lien on the automobile. Defendant's removal of the auto did not affect plaintiff's lien thereon, and plaintiff suffered no actual injury as a result of any deceptive or unfair act by defendant.

### 3. Liens— auto removed from mechanic's lot—no direct remedy from fellow lienholder

The trial court erred by awarding actual damages to an automobile repair business for the removal from its premises of a car on which it had a lien. Plaintiff is entitled to recover its costs if and when the automobile is sold, but has no basis upon which to recover the amount of lien directly from defendant, a fellow lienholder. The appropriate remedy for plaintiff lies with N.C.G.S. § 44A-6.1, which sets forth a process by which a lienor who involuntarily relinquishes possession of an automobile may regain possession of that vehicle. Once returned, plaintiff may sell the automobile to recover its interest in the property.

Appeal by defendant Winston-Salem City Employees' Credit Union from order and judgment entered 12 February 2002, *nunc pro tunc* 6 February 2002, by Judge Roland H. Hayes in Forsyth County District Court. Heard in the Court of Appeals 12 March 2003.

*Rosbon D. B. Whedbee for plaintiff appellee.*

*Fisher, Clinard & Cornwell, PLLC, by Robert A. Lefkowitz, for defendant appellant Winston-Salem City Employees' Credit Union.*

TIMMONS-GOODSON, Judge.

Winston-Salem City Employees' Credit Union ("defendant") appeals from an order of the trial court denying defendant's motion seeking relief from entry of default, as well as from default judgment entered against it. For the reasons stated hereafter, we reverse in part the judgment of the trial court.

On 1 October 2001, Old Salem Foreign Car Service, Inc. ("plaintiff") filed a complaint against Anthony Webb ("Webb") and defendant in Forsyth County District Court. In its complaint, plaintiff alleged that it was an automobile repair business with its principal office located in Winston-Salem, North Carolina. The complaint further alleged the following: On or about 14 June 2000, Webb delivered a 1992 Datsun 300ZX automobile to plaintiff's premises and requested

an estimate of the costs of needed repairs for the automobile. In order to estimate the costs of repair, employees of plaintiff disassembled parts of the automobile and thereafter informed Webb that the costs for repair would be approximately $2,600.00. Webb agreed to pay for the diagnostic expenses incurred by plaintiff, but did not authorize the repair. Webb thereafter discontinued his communication with plaintiff, failing to respond to plaintiff's repeated attempts to contact him. The automobile remained in plaintiff's possession and Webb neither retrieved it nor paid for plaintiff's diagnostic and other expenses.

On the afternoon of 12 September 2001, Jim Pegram ("Pegram"), president and chief operating officer of plaintiff corporation, telephoned the office of defendant, which possessed a financing lien on Webb's automobile. Pegram spoke with Anita Kimber-Crawford ("Kimber-Crawford"), an officer of defendant, and notified her that plaintiff was asserting a lien against the automobile pursuant to Chapter 44A of the North Carolina General Statutes. Pegram informed Kimber-Crawford that defendant could obtain possession of the automobile upon payment of the lien.

At approximately 1:30 a.m. on 13 September 2001, defendant removed the automobile from the plaintiff's premises without notifying plaintiff of its actions. Upon discovering defendant's actions, Pegram contacted Sam Whitehurst ("Whitehurst"), manager of defendant institution, and demanded payment of plaintiff's asserted lien on the automobile. Defendant did not respond to plaintiff's requests for payment of the lien.

Based on the above-stated allegations, plaintiff requested in its complaint that the trial court order defendant to either return the automobile or reimburse plaintiff in the amount of the asserted lien. Plaintiff further asserted that defendant's actions constituted unfair and deceptive trade practices and requested treble damages and attorneys' fees. Defendant was properly served with a summons and a copy of plaintiff's complaint on 24 October 2001.

On 28 December 2001, entry of default was entered against Webb and defendant for failure to respond to plaintiff's complaint. On 23 January 2002, plaintiff filed a motion for default judgment against Webb and defendant, which motion came before the trial court on 4 February 2002. Webb did not appear at the hearing for default judgment. Kimber-Crawford was present on behalf of defendant, but was unrepresented by counsel at the time of calendar call. By the time the

case was called to hearing, however, defendant had obtained counsel. During the hearing, counsel for defendant submitted a handwritten motion entitled "Motion Under Rule 60 + 59 + 55(d) for Relief from Default Entry." The motion set forth no grounds supporting relief from entry of default, however, and the trial court entered an order denying defendant's motion.

Upon hearing the evidence at the default judgment hearing, including testimony by Pegram and Kimber-Crawford, the trial court made the following pertinent findings:

1. The additional Defendant, through newly retained counsel, Attorney Lefkowitz, moved the Court to continue the instant hearing on the grounds that he was just retained by the Additional Defendant's officer, Ms. Anita Kimber-Crawford (during the lunch break on February 4th, 2002), and had inadequate time to prepare for the instant hearing;

2. Additional Defendant's officer testified that she was the officer of her employer who was responsible for collections and legal matters; that she had received Plaintiff's calendar request and notice of hearing; that her Company normally "did the suing" and had never been sued before to her knowledge, and that she did not know what would be happening at the instant hearing, but that she had not contacted counsel relative to representation . . . in this cause until the lunch recess just prior to the call of the instant case at 2:00 p.m. on February 4, 2002; she further testified that she had first learned about this civil action shortly after service when her boss handed her the papers that the Sheriff brought and served, and told her "to take care of this."

3. The factual allegations of the Complaint are incorporated herein by reference;

. . . .

12. Plaintiff has provided notice to the North Carolina Division of Motor Vehicles that a mechanic's lien is asserted against the subject vehicle, and that an enforcement sale of the subject vehicle is proposed;

13. The Additional Defendant presently has the subject 1992 Datsun automobile in its possession or under its control; and that the Plaintiff presently has possession of the subject automobile's hood, motor, engine assembly, and transmission, which parts had

OLD SALEM FOREIGN CAR SERV., INC. v. WEBB

[159 N.C. App. 93 (2003)]

been removed from the automobile and were inside of Plaintiff's garage facility at the time the automobile was removed from Plaintiff's premises on September 13th, 2001[.]

The trial court thereafter concluded that defendant had failed to show a meritorious defense to plaintiff's claims, and had committed unfair and deceptive trade practices. The trial court therefore entered judgment in favor of plaintiff and against defendant in the amount of $11,274.24, the sum of plaintiff's actual damages trebled. From the order of the trial court denying its motion to set aside the entry of default and from the default judgment entered against it, defendant appeals.

---

[1] Defendant argues that the trial court erred in denying its motion for relief from entry of default, and in awarding plaintiff actual and treble damages pursuant to Chapter 75 of the North Carolina General Statutes. Although we affirm the order of the trial court denying defendant's motion for relief from entry of default, we conclude that plaintiff was not entitled to recover actual or treble damages from defendant, and we therefore reverse in part the default judgment entered against defendant.

Defendant contends the trial court erred in denying its motion to set aside the entry of default. "For good cause shown the court may set aside an entry of default . . . ." N.C. Gen. Stat. § 1A-1, Rule 55(d) (2001). A motion pursuant to this rule to set aside an entry of default is addressed to the sound discretion of the court. *See Security Credit Leasing, Inc. v. D.J.'s of Salisbury, Inc.*, 140 N.C. App. 521, 528, 537 S.E.2d 227, 232 (2000); *Britt v. Georgia-Pacific Corp.*, 46 N.C. App. 107, 108, 264 S.E.2d 395, 397 (1980). "In moving for relief of judgment pursuant to Rule 55(d), the burden is on the defendant, as the defaulting party, not to refute the allegations of plaintiff's complaint, nor to show the existence of factual issues as in summary judgment, but to show *good cause* why he should be allowed to file answer to plaintiff's complaint." *Bell v. Martin*, 299 N.C. 715, 721, 264 S.E.2d 101, 105 (1980). Whether "good cause" exists depends on the facts and circumstances of each particular case, and the trial court's determination will not be disturbed on appeal unless a clear abuse of discretion is shown. *See Byrd v. Mortenson*, 60 N.C. App. 85, 88, 298 S.E.2d 170, 172 (1982), *affirmed and modified in part*, 308 N.C. 536, 302 S.E.2d 809 (1983).

In *Britt*, the evidence tended to show that the legal department of the defendant corporation misplaced the lawsuit documents and did

not locate them until the day entry of default was made. The trial court determined that defendant failed to show "good cause" to set aside entry of default, and this Court found no abuse of discretion by the trial court. *See Britt*, 46 N.C. App. at 108-09, 264 S.E.2d at 397. In the present case, defendant advanced no grounds constituting good cause. The evidence tended to show that defendant was properly served with the summons and complaint, but failed to respond. Defendant's officer, Kimber-Crawford, acknowledged receipt of the documents, but explained that defendant normally "did the suing." Kimber-Crawford offered no other explanation for defendant's failure to respond to plaintiff's summons and complaint. As such, we discern no abuse of discretion by the trial court in denying defendant's motion to set aside entry of default. *See First Citizens Bank & Tr. Co. v. Cannon*, 138 N.C. App. 153, 157-58, 530 S.E.2d 581, 583-84 (2000); *RC Associates v. Regency Ventures, Inc.*, 111 N.C. App. 367, 375, 432 S.E.2d 394, 398-99 (1993).

[2] Once default is established, a defendant has no further standing to contest the factual allegations of plaintiff's claim for relief. *See Spartan Leasing v. Pollard*, 101 N.C. App. 450, 460, 400 S.E.2d 476, 482 (1991); *Acceptance Corp. v. Samuels*, 11 N.C. App. 504, 509-10, 181 S.E.2d 794, 798 (1971). A defendant may still demonstrate, however, that the complaint is insufficient to warrant the plaintiff's recovery. *See Hunter v. Spaulding*, 97 N.C. App. 372, 377, 388 S.E.2d 630, 634 (1990). Defendant argues that, even if the allegations contained in plaintiff's complaint are accepted as fully established, they nevertheless fail to state a claim for unfair and deceptive trade practices. Specifically, defendant contends that the complaint fails to establish that plaintiff suffered an injury arising from an allegedly deceptive act by defendant. On this point, we agree with defendant.

Under section 44A-2 of the North Carolina General Statutes,

[a]ny person who repairs, services, tows, or stores motor vehicles in the ordinary course of the person's business pursuant to an express or implied contract with an owner or legal possessor of the motor vehicle, except for a motor vehicle seized pursuant to G.S. 20-28.3, has a lien upon the motor vehicle for reasonable charges for such repairs, servicing, towing, storing, or for the rental of one or more substitute vehicles provided during the repair, servicing, or storage. This lien shall have priority over perfected and unperfected security interests. Payment for towing and storing a motor vehicle seized pursuant to G.S. 20-28.3 shall be as provided for in G.S. 20-28.2 through G.S. 20-28.5.

N.C. Gen. Stat. § 44A-2(d) (2001). According to the allegations contained in the complaint, plaintiff provided services and incurred expenses pursuant to a verbal agreement with Webb regarding his automobile. The automobile remained on plaintiff's property for approximately four months, during which time Webb failed to respond to plaintiff's repeated attempts to contact him. Under section 44A-2(d), plaintiff could properly assert a motor vehicle lien on Webb's automobile. This lien had priority over defendant's security interest in the automobile. *See id.* Further, plaintiff's lien was not extinguished by defendant's removal of the automobile from plaintiff's premises. *See* N.C. Gen. Stat. § 44A-3 (2001) (stating that "[l]iens conferred under this Article do not terminate when the lienor involuntarily relinquishes the possession of the property."); *Case v. Miller*, 68 N.C. App. 729, 732, 315 S.E.2d 737, 739 (1984).

Plaintiff's complaint further alleged that defendant committed an unfair and deceptive act in violation of Chapter 75 by removing the automobile from plaintiff's premises without permission or notice to plaintiff, after defendant had actual notice of plaintiff's lien. *See* N.C. Gen. Stat. § 75-1.1 (2001) (declaring unlawful unfair or deceptive acts or practices in or affecting commerce). A practice is unfair and violates Chapter 75 if it offends established public policy or is immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers. *See Bailey v. LeBeau*, 79 N.C. App. 345, 352, 339 S.E.2d 460, 464, *modified and affirmed*, 318 N.C. 411, 348 S.E.2d 524 (1986). As an essential element of a cause of action for unfair and deceptive trade practices, the plaintiff must not only show that the defendant violated Chapter 75, but also demonstrate that he has suffered actual injury as a proximate result of the defendant's misrepresentations. *See Anders v. Hyundai Motor America Corp.*, 104 N.C. App. 61, 68, 407 S.E.2d 618, 622, *disc. rev. denied*, 330 N.C. 440, 412 S.E.2d 69 (1991).

In its complaint, plaintiff established that its actual damages, as well as its consequential damages, arose over Webb's failure to reimburse plaintiff for expenses it incurred in connection with the automobile. These damages formed the basis for plaintiff's lien upon the automobile, and defendant may no longer dispute the amount of the asserted lien. *See* N.C. Gen. Stat. § 44A-4 (2001); *Peace River Electric Cooperative v. Ward Transformer Co.*, 116 N.C. App. 493, 502, 449 S.E.2d 202, 209 (1994), *disc. review denied*, 339 N.C. 739, 454 S.E.2d 655 (1995). Plaintiff has not shown, however, that it suffered an actual injury as a result of any deceptive or unfair act by defendant.

Plaintiff's basis for an action pursuant to Chapter 75 rests on one act by defendant; namely, defendant's act of removing the vehicle from plaintiff's premises without permission or notice to plaintiff, after defendant had actual notice of plaintiff's lien. Plaintiff's claim of injury arose before defendant removed the automobile, however, and this removal did not affect plaintiff's lien on the property. As there was no causal connection between plaintiff's injury and any act by defendant, plaintiff is not entitled to treble damages under Chapter 75. *See Mitchell v. Linville*, 148 N.C. App. 71, 79, 557 S.E.2d 620, 625-26 (2001) (concluding that, where the plaintiffs failed to show that the deceptive acts by the defendants adversely impacted the plaintiffs, the trial court erred in awarding plaintiffs damages pursuant to Chapter 75); *Miller v. Ensley*, 88 N.C. App. 686, 691, 365 S.E.2d 11, 14 (1988) (concluding that, where the plaintiff-subcontractor was able to fully protect his rights by a lien claim under Chapter 44A, "the harm caused by [the defendant's] deception was, at most, theoretical, and not actual" and thus the trial court erred in awarding treble damages pursuant to Chapter 75). The trial court therefore erred in awarding plaintiff treble damages pursuant to Chapter 75, and we reverse that portion of the default judgment awarding plaintiff treble damages.

**[3]** Defendant further argues that the trial court erred in awarding actual damages to plaintiff against defendant. Defendant contends that plaintiff's recovery from defendant is limited to recovery of the automobile. Again, we agree with defendant.

Both plaintiff and defendant have protected interests in the automobile. Under section 44A-2(d), plaintiff's lien has priority over defendant's interest in the automobile. Thus, if and when the automobile is sold to satisfy the interests of plaintiff and defendant in the property, regardless of which party has physical possession, plaintiff is entitled to recover its costs in the amount of the lien before defendant may do so. Plaintiff has no basis, however, upon which to recover the amount of the lien directly from defendant, a fellow lienholder. At the time of the default hearing, defendant had not yet sold the automobile to recover its security interest. Nor is it inevitable that the automobile will actually be sold. It is possible that Webb, as owner of the automobile, may yet take appropriate action to recover his property. Further, if the automobile is sold, there is no guarantee that the sale of the automobile will fully compensate plaintiff for the amount of its lien. When it agreed to perform services for Webb, plaintiff took a calculated business risk that it would be compensated for its

OLD SALEM FOREIGN CAR SERV., INC. v. WEBB

[159 N.C. App. 93 (2003)]

services. Defendant took a similar risk when it agreed to finance the automobile. To permit plaintiff to proceed directly against defendant for the amount of its lien, without any cause of action against defendant and before sale of the automobile, would unfairly and prematurely allow plaintiff to fully recoup its interest in the automobile—in effect, guaranteeing plaintiff's interest where no guarantee is warranted.

The appropriate remedy for plaintiff's loss of possession of the automobile lies with section 44A-6.1 of the North Carolina General Statutes. Section 44A-6.1 sets forth a process by which a lienor who involuntarily relinquishes possession of an automobile may regain possession of that vehicle. Section 44A-6.1 provides as follows:

(a) When the lienor involuntarily relinquishes possession of the property and the property upon which the lien is claimed is a motor vehicle or vessel, the lienor may institute an action to regain possession of the motor vehicle or vessel in small claims court any time following the lienor's involuntary loss of possession and following maturity of the obligation to pay charges. The lienor shall serve a copy of the summons and the complaint pursuant to G.S. 1A-1, Rule 4, on each secured party claiming an interest in the vehicle or vessel. For purposes of this section, involuntary relinquishment of possession includes only those situations where the owner or other party takes possession of the motor vehicle or vessel without the lienor's permission or without judicial process. If in the court action the owner or other party retains possession of the motor vehicle or vessel, the owner or other party shall pay the amount of the lien asserted as bond into the clerk of the court in which the action is pending.

If within three days after service of the summons and complaint, as the number of days is computed in G.S. 1A-1, Rule 6, neither the defendant nor a secured party claiming an interest in the vehicle or vessel files a contrary statement of the amount of the lien at the time of the filing of the complaint, the amount set forth in the complaint shall be deemed to be the amount of the asserted lien. The clerk may at any time disburse to the lienor that portion of the cash bond which is not in dispute, upon application of the lienor. The magistrate shall:

(1) Direct appropriate disbursement of the disputed or undisbursed portion of the bond; and

(2) Direct appropriate possession of the motor vehicle or vessel if, in the judgment of the court, the plaintiff has a valid right to a lien.

N.C. Gen. Stat. § 44A-6.1(a) (2001). Plaintiff involuntarily relinquished possession of the automobile and is entitled to its return under section 44A-6.1. Once returned, plaintiff may sell the automobile, pursuant to section 44A-4, to recover its interest in the property. The statute provides no basis for a monetary recovery from a fellow lienholder, nor does the default judgment set forth grounds supporting any independent cause of action against defendant that would entitle plaintiff to actual damages from defendant. Because plaintiff has no cause of action against defendant, the trial court erred in awarding actual damages against defendant. We therefore reverse that portion of the default judgment awarding actual damages against defendant. Plaintiff is entitled, however, to recover the automobile from defendant.

In conclusion, we hold that the trial court did not abuse its discretion in denying defendant's motion for relief from entry of default. We further hold that the trial court erred in concluding that plaintiff was entitled to actual and treble damages from defendant, and we therefore reverse that portion of the default judgment awarding such damages. We otherwise affirm the default judgment. The order denying defendant's motion for relief from entry of default is

Affirmed.

The judgment of default is

Affirmed in part, reversed in part, and remanded.

Judges WYNN and LEVINSON concur.