GRANVILLE MEDICAL CENTER, Plaintiff v. TONY TIPTON d/b/a TIPTON & ASSOCIATES HEALTHCARE CONSULTING and TIPTON & ASSOCIATES, INC., d/b/a TIPTON & ASSOCIATES HEALTHCARE CONSULTING, Defendants

No. COA02-1180

(Filed 7 October 2003)

**1. Judgments— entry of default—failure to show good cause**

The trial court did not abuse its discretion in a breach of contract action by denying defendant's motion to set aside an entry of default, because: (1) defendant failed to respond for seven months after service of the summons and then asked to be excused based on the fact that he was not a lawyer and did not know it was important to respond to the summons; (2) there was no reason to presume that the trial court failed to apply the good cause standard; and (3) assessing the credibility of defendant's affidavits was within the trial court's authority.

**2. Process and Service— affidavit—presumption of proper service**

The trial court did not err in a breach of contract action by applying the presumption that defendant was properly served with a summons even though defendant did not personally sign the registry receipt indicating delivery of the summons, because: (1) N.C.G.S. § 1-75.10(4) does not require the affidavit to state the name of the individual who signed the receipt; (2) defendant cites no case for the proposition that an affidavit of service of process is not in accordance with N.C.G.S. § 1-75.10(4) unless it accurately identifies the person who signed for delivery of the summons and unless the person was the defendant to whom the summons was directed; and (3) Rule 4(j2)(2) raises a presumption that the person who received the mail and signed the receipt was

an agent of the addressee authorized to be served or to accept service of process.

**3. Judgments— entry of default—presumption of proper service**

The trial court did not err in a breach of contract action by denying defendant's motion to set aside an entry of default even though defendant's affidavit allegedly rebutted the presumption of proper service by showing that the person signing for receipt of the summons was not in any way connected with defendant, because: (1) the fact that the individual was not defendant's agent or principal does not necessarily mean he had no connection to defendant; and (2) absent from defendant's affidavit is any allegation that he did not receive the summons or did not receive notice of the suit.

**4. Judgments— default judgment—failure to include findings of fact or conclusions of law**

Although defendant contends the trial court's order for default judgment cannot stand based on the fact that it does not include findings of fact or conclusions of law, the trial court's failure to include them is not reversible error because defendant did not ask for findings of fact or conclusions of law to be included in the trial court's order, N.C.G.S. § 1A-1, Rule 52(a)(2).

Appeal by defendant from order entered 4 April 2002 by Judge Evelyn W. Hill in Granville County Superior Court. Heard in the Court of Appeals 20 August 2003.

*Hopper & Hicks, LLP, by William L. Hopper and James C. Wrenn, Jr., for plaintiff-appellee.*

*Edmundson & Burnette, L.L.P., by James T. Duckworth, III, for defendant-appellant.*

LEVINSON, Judge.

Defendant (Tony Tipton) appeals from entry of default and default judgment. The relevant facts are these: On 19 July 2001, plaintiff filed a complaint alleging breach of contract against defendants Tony Tipton, d/b/a Tipton & Associates Healthcare Associates; and Tipton & Associates, Inc., d/b/a Tipton & Associates Healthcare Consulting. The present appeal involves only Tony Tipton individually. Civil summonses were issued 19 July 2001, addressed to Tipton

individually and as registered agent for Tipton & Associates, Inc. On 21 August 2001 plaintiff filed an Affidavit of Service by Certified Mail, accompanied by a signed postal receipt showing service of the summons on 23 July 2001.

On 29 October 2001, plaintiff filed a motion for entry of default, alleging that defendants had failed to respond to the summons and had not filed an answer or other pleading. The Clerk of Court filed entry of default against defendant on 29 October 2001. On 18 February 2002 plaintiff filed a motion for entry of default judgment against defendants. Defendant's first response to the lawsuit was on 15 March 2002, seven months after the summonses were issued, when he filed a motion to strike the entry of default, accompanied by his affidavit. A hearing was conducted on 28 March 2002. On 9 April 2002 the trial court entered an order denying defendant's motion to strike the entry of default, and entering default judgment against him. From this order, defendant appeals.

[1] Defendant raises four issues on appeal. He argues first that the trial court's denial of his motion to strike the entry of default constituted an abuse of discretion. We disagree.

An entry of default may be set aside pursuant to N.C.G.S. § 1A-1, Rule 55(d) (2001), which provides that "[f]or good cause shown the court may set aside an entry of default. . . ." A Rule 55 motion to set aside entry of default "is addressed to the sound discretion of the court[,]" *Old Salem Foreign Car Serv. v. Webb*, 159 N.C. App. 93, 97, 582 S.E.2d 673, 676 (2003), " 'whose decision will not be disturbed on appeal absent a showing of abuse of that discretion.' " *Security Credit Leasing, Inc. v. D.J.'s of Salisbury, Inc.*, 140 N.C. App. 521, 528, 537 S.E.2d 227, 232 (2000) (quoting *Automotive Equipment Distributors, Inc. v. Petroleum Equipment & Service, Inc.*, 87 N.C. App. 606, 608, 361 S.E.2d 895, 896 (1987), and *Lumber Co. v. Grizzard*, 51 N.C. App. 561, 563, 277 S.E.2d 95, 96 (1981)).

"Inasmuch as the law generally disfavors default judgments, any doubt should be resolved in favor of setting aside an entry of default[.]" *Peebles v. Moore*, 48 N.C. App. 497, 504-05, 269 S.E.2d 694, 698 (1980), *modified and aff'd*, 302 N.C. 351, 275 S.E.2d 833 (1981). However, while "it is entirely proper for the court to give consideration to the fact that default judgments are not favored in the law[,] . . . it is also true that rules which require responsive pleadings within a limited time serve important social goals, and a party should

not be permitted to flout them with impunity." *Howell v. Haliburton*, 22 N.C. App. 40, 42, 205 S.E.2d 617, 619 (1974). Further, the defendant "has the burden of establishing good cause to set aside entry of default. A judge is subject to a reversal for abuse of discretion only upon a showing by a litigant that the challenged actions are manifestly unsupported by reason." *RC Associates v. Regency Ventures, Inc.*, 111 N.C. App. 367, 374, 432 S.E.2d 394, 398 (1993) (citing *Roane-Barker v. Southeastern Hospital Supply Corp.*, 99 N.C. App. 30, 392 S.E.2d 663 (1990), *disc. review denied*, 328 N.C. 93, 402 S.E.2d 418 (1991), and *Clark v. Clark*, 301 N.C. 123, 271 S.E.2d 58 (1980)).

In his motion to set aside the entry of default, defendant argued that "good cause exists for the Court to strike the entry of default against him." He asserted that the "good cause" consisted of the following:

> That [defendant] is not a lawyer, and is unfamiliar with the procedural and substantive rules of law of the State of North Carolina. That he did not know nor understand the consequences of a failure to timely respond to the complaint and summons. That as soon as he learned the gravity and importance of the situation, he notified counsel . . . to make an appearance for him and to draft a motion to strike the entry of default.

On appeal, defendant contends the trial court abused its discretion by denying his motion. In support of this argument, defendant relies heavily upon *Beard v. Pembaur*, 68 N.C. App. 52, 313 S.E.2d 853, *cert. denied*, 311 N.C. 750, 321 S.E.2d 126 (1984), in which this Court held the trial court abused its discretion, and reversed the court's denial of a motion to set aside the entry of default. However, the pertinent facts of *Beard* are quite different from those of the case *sub judice*. In *Beard* a plaintiff who was "vigorously" pursuing discovery nonetheless missed the deadline for filing an answer to defendant's counterclaim because of an error of law made by plaintiff's counsel. We concluded that "[p]laintiff's counsel made technical errors in this case . . . *but he was not dilatory.*" *Id.* at 57, 313 S.E.2d at 856 (emphasis added). However, in the instant case, defendant failed to respond for seven months after service of the summons as indicated by the signed postal receipt, and then asked to be excused because he "is not a lawyer." We conclude that *Beard* is inapposite to the present case, and that *First Citizens Bank & Tr. Co. v. Cannon*, 138 N.C. App. 153, 530 S.E.2d 581 (2000), presents a closer analogy. In *First Citizens*, this Court upheld a lower court's denial of a motion to set aside entry of default, stating:

[Defendant] filed her motion to set aside the entry of default . . . [and] *alleged that she "was unaware that she was required to file an Answer to the Plaintiff's complaint as she is not an attorney and has not been involved in civil litigation, other than the present domestic civil action."* The. trial court found that [defendant] had not shown "good cause" to set aside the entry of default and denied defendant [her] motion. . . . [W]e cannot say on these facts that the decision of the learned trial court not to set aside the entry of default was unsupported by reason.

*Id.* at 158, 530 S.E.2d at 584 (emphasis added). The ruling in *First Citizens* is consistent with other North Carolina appellate law; this Court generally has upheld the denial of a motion to set aside entry of default where the evidence shows defendant simply neglected the matter at issue. *See, e.g., Old Salem,* 159 N.C. App. at 98, 582 S.E.2d at 676-77 (upholding denial of motion where defendant "explained that [their company] normally did the suing" but "offered no other explanation for defendant's failure to respond to plaintiff's summons"); *Silverman v. Tate,* 61 N.C. App. 670, 673, 301 S.E.2d 732, 734 (1983) (upholding trial court's denial of motion to set aside entry of default where there was "ample evidence from which the court may have found that defendant was negligent in establishing promptly any defenses he may have had").

Defendant also argues that the order denying his motion is defective because it fails to articulate that the court applied the "good cause shown" standard. However, there is no evidence in the record that defendant asked the court to include in its order the standard applied:

When no reason is assigned by the court for a ruling which may be made as a matter of discretion . . . or because of a mistaken view of the law, the presumption on appeal is that the court made the ruling in the exercise of its discretion. *If a party adversely affected by the ruling desires to review it on appeal, he may request the court to let the record show whether the ruling is made as a matter of law or in the exercise of the court's discretion.*

*Brittain v. Aviation, Inc.,* 254 N.C. 697, 703-04, 120 S.E.2d 72, 76 (1961) (emphasis added) (citations omitted). Where the record is silent on a particular point, we presume that the trial court acted correctly. *See State v. Reaves,* 132 N.C. App. 615, 620, 513 S.E.2d 562, 565,

*disc. review denied*, 350 N.C. 846, 539 S.E.2d 4 (1999); see *also Phelps v. McCotter*, 252 N.C. 66, 67, 112 S.E.2d 736, 737 (1960) (noting the "well established principle that there is a presumption in favor of the regularity and validity of the proceedings in the lower court"). Adhering to this principle, we find no reason to presume that the trial court failed to apply the "good cause" standard.

Defendant also argues that the trial court engaged in an "entirely improper analysis" by weighing the credibility of affidavits and other record evidence in ruling on defendant's motion. However, assessing the credibility of defendant's affidavits was within the trial court's authority. *See, e.g., Strauss v. Hunt*, 140 N.C. App. 345, 351, 536 S.E.2d 636, 640 (2000):

> "When the officer's return of the summons shows legal service, a presumption of valid service of process is created . . . [which] is rebuttable." Defendant attempted to rebut this presumption [with two] affidavit[s]. . . . As the evidence presented by the parties was contradictory, "the credibility of the witnesses and the weight of the evidence were for determination by the court below in discharging its duty to find the facts." We thus will not disturb the court's findings, and affirm that part of the court's order holding service was properly made on defendant.

(quoting *Greenup v. Register*, 104 N.C. App. 618, 620, 410 S.E.2d 398, 400 (1991), and *Harrington v. Rice*, 245 N.C. 640, 643, 97 S.E.2d 239, 241 (1957)). Nor is the trial court required to accept defendant's affidavits as true. *See Blankenship v. Town & Country Ford, Inc.*, 155 N.C. App. 161, 165, 574 S.E.2d 132, 134 (2002) (where plaintiff and defendant offered contradictory affidavits regarding service of process "it is the duty of the trial court to evaluate such evidence"), *disc. review denied*, 357 N.C. 61, 579 S.E.2d 384 (2003).

In the instant case, the defendant's proffered "good cause" was that he was not an attorney and therefore did not know it was important to respond to the summons. We conclude that the trial court's order denying defendant's motion to set aside the entry of default was not unsupported by reason, and further conclude that defendant failed to show the trial court abused its discretion in denying his motion to set aside the entry of default. This assignment of error is overruled.

[2] Defendant next argues that, in its determination that defendant was properly served with the summons in this case, the trial court

"erred in applying a rebuttable presumption standard of proof of service." We conclude the trial court applied the correct standard.

Defendant argued in his motion to set aside the entry of default that "improper service *entitles him* to an order striking the entry of default against him individually." (emphasis added). Proof of service of process is governed by N.C.G.S. § 1A-1, Rule 4, and N.C.G.S. § 1-75.10 (2001). Rule 4 provides in pertinent part that service may be effected on an individual by "mailing a copy of the summons and of the complaint, registered or certified mail, return receipt requested, addressed to the party to be served, and delivering to the addressee." N.C.G.S. § 1A-1, Rule 4(j)(1)(c) (2001). Proof of service is addressed in N.C.G.S. § 1-75.10(4) (2001):

> Where the defendant . . . challenges the service of the summons upon him, proof of the service of process shall be as follows:
>
>    . . . .
>
> (4) . . . [If] [s]ervice [is] by Registered or Certified Mail[,] . . . by affidavit of the serving party averring:
>
>> a. That a copy of the summons and complaint was deposited in the post office for mailing by registered or certified mail, return receipt requested;
>>
>> b. That it was in fact received as evidenced by the attached registry receipt or other evidence satisfactory to the court of delivery to the addressee; and
>>
>> c. That the genuine receipt or other evidence of delivery is attached.

Under N.C.G.S. § 1A-1, Rule 4(j2)(2) (2001), a party who seeks a default judgment "shall file an affidavit with the court showing proof of such service in accordance with the requirements of G.S. [§] 1-75.10(4)[.]" Rule 4(j2)(2) further provides that the affidavit, when accompanied by the postal delivery receipt signed by the person who received the summons, "raises a presumption that the person who received the mail . . . and signed the receipt was an agent of the addressee authorized by appointment or by law to be served or to accept service of process[.]" Regarding this provision, this Court has long held that

> the provision in [Rule 4(j2)] . . . contemplates merely that the registered or certified mail be delivered to the address of the party

to be served and that a person of reasonable age and discretion receive the mail and sign the return receipt on behalf of the addressee. A showing on the face of the record of compliance with the statute providing for service of process raises a rebuttable presumption of valid service.

*Lewis Clarke Associates v. Tobler,* 32 N.C. App. 435, 438, 232 S.E.2d 458, 459 (citing *Finance Co. v. Leonard,* 263 N.C. 167, 139 S.E.2d 356 (1964), and *Harrington,* 245 N.C. 640, 97 S.E.2d 239), *cert. denied,* 292 N.C. 641, 235 S.E.2d 60 (1977).

In the instant case, the uncontradicted evidence established that: (1) a civil summons addressed to defendant was sent to him *via* U.S. Postal Service by Certified Mail, Return Receipt Requested; (2) the summons was delivered 23 July 2001, and a signature obtained on the registry receipt; (3) the plaintiff executed an affidavit attesting to these facts, and attaching the registry receipt bearing a signature showing delivery of the summons. We conclude that this evidence complies with the statutory requirements and gives rise to the rebuttable presumption of proper service.

Defendant, however, asserts that the presumption of proper service does not arise in this case because, although plaintiff's affidavit states the summons was received "by and through Tony Tipton, . . . as evidenced by the attached Registry Receipt," the registry receipt bears the signature of an "F. Hedgepeth." On the basis of this discrepancy between the language of the affidavit and the signature on the registry receipt, he contends that there can be no presumption that service of process was proper. We disagree for several reasons.

First, G.S. § 1-75.10(4) does not require the affidavit to state the name of the individual who signed the receipt. Further, the presumption arises upon proof of delivery, regardless of the identity of the signer:

A reasonable inference to be drawn from the receipts in this case is that the summons and complaint were delivered to a person at the defendant's address whose initials are "ES," and that "ES" received the summons and complaint on behalf of [defendant]. It can be assumed that "ES" was a person of reasonable age and discretion authorized to receive registered mail and sign the receipt for [defendant].

*Lewis Clarke,* 32 N.C. App. at 438, 232 S.E.2d at 459. Defendant cites no cases for the proposition that an affidavit of service of process is

not in accordance with G.S. § 1-75.10(4) unless it accurately identifies the person who signed for delivery of the summons, and unless that person was the defendant to whom the summons was directed. In fact, North Carolina appellate case law tends to establish the contrary. For example, in *Steffey v. Mazza Construction Group*, 113 N.C. App. 538, 540, 439 S.E.2d 241, 243 (1994), *disc. review improvidently allowed*, 339 N.C. 734, 455 S.E.2d 155 (1995), the defendant argued that service was improper because "the city manager was not served with the certified mail service[.] . . . Instead, some unidentified individual apparently signed for the envelope." This Court disagreed, and held that "Rule 4(j2)(2) raises a presumption that the person who received the mail and signed the receipt was an agent of the addressee authorized to be served or to accept service of process." *Id.; see also In re Williams*, 149 N.C. App. 951, 959, 563 S.E.2d 202, 206 (2002) (where "certified receipt was signed . . . presumably by a [person] of suitable age and discretion authorized to sign the receipt on behalf of respondent," this Court held there was "sufficient compliance with Rule 4 to raise a rebuttable presumption of valid service"), and *Poole v. Hanover Brook, Inc.*, 34 N.C. App. 550, 554-55, 239 S.E.2d 479, 482 (1977), *cert. denied*, 294 N.C. 183, 241 S.E.2d 518 (1978):

> [W]e find no merit in defendant's argument that service was insufficient because the record does not show that it was made on a proper person. . . . [I]t is a reasonable inference from the return receipt that the summons and complaint were delivered to a person . . . [who] received the summons and complaint on behalf of [defendant.] The summons itself was properly directed to defendant. . . . It can be assumed that [signer] was a person of reasonable age and discretion authorized to receive registered mail and sign the receipt for the addressee.

We conclude that the trial court properly applied the presumption that defendant was properly served based upon the evidence in the record. This assignment of error is overruled.

---

[3] Defendant argues next that, assuming the trial court properly applied the presumption of proper service, the court nonetheless erred by denying his motion to set aside entry of default. Defendant contends his affidavit rebutted the presumption of proper service, and required the trial court to set aside the entry of default. We disagree.

GRANVILLE MED. CTR. v. TIPTON

[160 N.C. App. 484 (2003)]

"The purpose of a service of summons is to give notice to the party against whom a proceeding is commenced to appear at a certain place and time and to answer a complaint against him." *Harris v. Maready*, 311 N.C. 536, 541, 319 S.E.2d 912, 916 (1984) (citation omitted). Moreover,

> [a] suit at law is not a children's game, but a serious effort on the part of adult human beings to administer justice; and the purpose of process is to bring parties into court. If it names them in such terms that every intelligent person understands who is meant, . . . it has fulfilled its purpose; and courts should not put themselves in the position of failing to recognize what is apparent to everyone else.

*Id.* at 544-45, 319 S.E.2d at 917-18 (quoting *Wiles v. Construction Co.*, 295 N.C. 81, 84-85, 243 S.E.2d 756, 758 (1978)). Thus, a defendant who seeks to rebut the presumption of regular service generally must present evidence that service of process failed to accomplish its goal of providing defendant with notice of the suit, rather than simply questioning the identity, role, or authority of the person who signed for delivery of the summons. *See In re Williams*, 149 N.C. App. at 959, 563 S.E.2d at 206 (where defendant "did not rebut this presumption by showing he never received the summons and complaint" Court finds "defendant was sufficiently served with process"); *Poole*, 34 N.C. App. at 555, 239 S.E.2d at 482 (defendant who "did not attempt to rebut this presumption by showing that he did not receive copies of the summons and complaint" held to have "failed to show that service of process was insufficient because a delivery was not made to a proper person").

In the present case, defendant's affidavit essentially states that (1) he did not personally sign the registry receipt indicating delivery of the summons, (2) the receipt was signed by "S" or "F" Hedgepeth, and (3) defendant had never employed a person named Hedgepeth "as an agent, officer, employee, or principal[.]" On this basis, defendant asserts his affidavit proves the person signing for receipt of the summons "was not in any way connected with the defendant." However, as the trial court observed, the fact that Hedgepeth was not defendant's agent or principal does not necessarily mean he had *no* connection to defendant. Further, as discussed above, the crucial issue is not whether the individual signing for the summons was formally employed by defendant as his agent, but whether or not defendant in fact received the summons. Conspicuously *absent*

from defendant's affidavit is any allegation that he did not receive the summons, or did not receive notice of the suit.

We conclude that it was not error for the trial court to conclude that defendant was properly served with the summons. This assignment of error is overruled.

[4] Finally, defendant argues that the trial court's order for default judgment cannot stand because it does not include findings of fact or conclusions of law. This argument is without merit.

As there is no suggestion in the record that defendant asked for findings of fact or conclusions of law to be included in the trial court's order, the court's failure to do so is not reversible error. N.C.G.S. § 1A-1, Rule 52 (a)(2) (2001) ("Findings of fact and conclusions of law are necessary on decisions of any motion . . . only when requested by a party[.]"); *Condellone v. Condellone*, 137 N.C. App. 547, 550, 528 S.E.2d 639, 642 ([A] "trial court is not required to make findings of fact unless requested to do so by a party."), *disc. review denied*, 352 N.C. 672, 545 S.E.2d 420 (2000). This assignment of error is overruled.

For the reasons discussed above, we conclude the trial court did not err by denying defendant's motion to set aside the entry of default, nor by entering an order for default judgment. Accordingly, the trial court's order is

Affirmed.

Judges MARTIN and McCULLOUGH concur.